BRYANT v. CARR et al.

(Supreme Court, Appellate Term. December 11, 1906.)

LANDLORD AND TENANT—REPAIRS—NEGLIGENCE—LIABILITY OF LANDLORD.

Where the owners of a building leased offices therein, and there was a single heating plant for the entire building, of which they retained control, they were liable for negligence in repair of radiators in the leased offices whereby a large quantity of steam escaped, and damaged the property in the offices.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Landlord and Tenant, §§ 650, 651, 653–656.]

Appeal from City Court of New York, Special Term.

Action by J. Wilson Bryant against Austin Carr and others. From a judgment in favor of defendants, plaintiff appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, FITZGERALD, and DAVIS, JJ.

J. Wilson Bryant, for appellant.

Wallach & Cook (Isidore H. Lehman, of counsel), for respondent.

FITZGERALD, J. The plaintiff (tenant) brings this action against the defendants (landlords) for damages sustained by reason of the negligent manner in which defendants made certain repairs in the offices occupied by plaintiff. The radiators in these offices were out of order, and complaint was made to the landlords who examined the radiators, and thereafter employed a licensed steam fitter and plumber to make the necessary repairs. The plumber visited these offices on Sunday, December 20, 1903, in company with defendant Austin Carr in the absence of plaintiff, and found that it would be necessary to put on a new air valve which he was unable to do on that day. So he closed all the valves, took the handles off, and took them away, and secured the pin tightly so that steam could not be turned on. Plaintiff left his office on Saturday, December 19, 1903, at which time everything in the office was in good condition. On his return on the following Monday he found the offices covered with steam, steam issuing from one of the air vents of a radiator, and everything in the rooms soaking wet. It is claimed that the steam escaped by reason of the negligent manner in which the work upon the defective radiator was done.

At the end of the case a motion was made for the dismissal of the complaint, which was granted by the learned court upon the authority of Perkins v. Eighmie (Sup.) 6 N. Y. Supp. 156, affirmed 125 N. Y. 706, 26 N. E. 752. There are many earmarks distinguishing Perkins v. Eighmie, supra, from the case at bar, the most important to be noted, however, was that, in that case, negligence was not established. In Hexamer v. Webb, 101 N. Y. 377, 4 N. E. 755, 54 Am. Rep. 703, it was only held that the owner of premises owed no duty, and was under no obligation of a special nature to protect a third party not a tenant from injury. Where, however, the relation of landlord and tenant exists the principles governing liability are entirely different. It is unquestionably the rule that, in the absence of a covenant to repair, the landlord is under no obligation to do so, but it is nevertheless well settled that the duty of the landlord extends to keeping in proper repair all portions of a building including fixtures not exclusively demised to a tenant. Peil v. Reinhart, 127 N. Y. 381, 27 N. E. 1077, 12 L. R. A. 843. The application of this principle is entirely irrespective of the rights of the tenant dependent upon a covenant to repair. From the record it is clear that the landlord retained control of the apparatus and pipes employed to heat the apartments. The rooms were not occupied as dwellings within the exclusive control of the tenant at all times, but merely as offices during business hours on week days, and the scheme of heating the building generally, and the apartments therein separately was upon the evidence, it is fair to assume, a

general scheme devolving upon the landlord, and as was cited with approval by Andrews, P. J., in Harris v. Boardman, 68 App. Div. at page 439, 73 N. Y. Supp. 965, "he had a degree and kind of responsibility, for the fit condition of these places and things in his control which he could not be charged with on leasing outright an entire dwelling, or other building. They are not part of the demised premises, and therefore the principle that the landlord is not bound to put or keep the demised premises in repair has no application." Chapl., Land. & Tenant, § 488. Austin Carr, one of the defendant landlords who also acted as janitor, had a key which enabled him to enter plaintiff's premises at any time. He did so on this occasion on a Sunday morning accompanied by a mechanic, in the absence of the tenant, upon the complaint of the tenant that the heat supplied him was not satisfactory. He appears to have at once recognized that the duty devolved upon him, as landlord, of remedying the trouble to which his attention had been directed, and he went there at a time when it is fair to assume he believed the work could be done with the least possible inconvenience to plaintiff. He was present with the mechanic who was at all times under his control, and the weight of authority seems to hold that the work engaged in was one of the implied duties of the landlord arising from his contract of letting and that it is immaterial whether the mechanic employed was his servant or an independent contractor. Blake v. Fox (Com. Pl.) 17 N. Y. Supp. 508; Randolph v. Feist, 23 Misc. Rep. 650, 52 N. Y. Supp. 109; O'Rourke v. Feist, 42 App. Div. 136, 59 N. Y. Supp. 157; Worthington v. Parker, 11 Daly, 545; Sulzbacher v. Dickie, 6 Daly, 476.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.