(91 Misc. Rep. 296)

## RYAN v. CITY OF SCHENECTADY.

(Supreme Court, Trial Term, Schenectady County.   July, 1915.)

1. MUNICIPAL CORPORATIONS ☞812—TORTS—DEFECTS IN STREET—NOTICE—STATUTE.

Second Class Cities Law (Consol. Laws, c. 53) § 244, requires that one injured by a defect in street or sidewalk present to the municipality a verified claim in writing, containing a statement of the claimant's residence, and describing certain specified particulars of the accident, and also that the claim be presented to the common council and served upon the mayor or city clerk, and that notice of intention to commence an action be served upon the corporation counsel. One injured by slipping on an icy sidewalk bordering land owned by defendant municipality filed with the city clerk and the corporation counsel merely notice in writing of his intention to commence action. *Held*, that he had no cause of action; service of a proper verified statement being a condition precedent to its maintenance.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1696–1707; Dec. Dig. ☞812.]

2. MUNICIPAL CORPORATIONS ☞812—TORTS—DEFECTS IN SIDEWALK—NOTICE—STATUTE.

Under Second Class Cities Law, § 244, providing that no action shall be maintained against a municipality for injuries to the person sustained solely in consequence of snow or ice on any sidewalk, unless written notice thereof, relating to the particular place, was actually given to the commissioner of public works, and there was a failure to cause such snow or ice to be removed, or the place otherwise made reasonably safe within a reasonable time after receipt of such notice, the giving of such notice is an essential part of the cause of action of one so injured, and must be alleged and proved by him.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1696–1707; Dec. Dig. ☞812.]

3. MUNICIPAL CORPORATIONS ☞771—TORTS—ICY SIDEWALK—LIABILITY.

The liability of a municipality for injuries caused to pedestrians by the accumulation of ice on a sidewalk bordering land which it owns is the same as that of any private lot owner.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1627; Dec. Dig ☞771.]

4. MUNICIPAL CORPORATIONS ☞808—STREETS—ICY SIDEWALK—STATUTE.

Under Second Class Cities Law, § 92, providing that the commissioner of public works shall have full power to require the owner of property abutting upon a street to remove snow and ice from the sidewalk, etc., a pedestrian, injured by a fall received from an accumulation of ice on a sidewalk passively allowed by the abutting owner, has no right of action against such owner, since such statutory requirements are in the nature of police regulations, not sufficient to give a cause of action to a party injured by an act in violation thereof.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1684–1687, 1690–1694; Dec. Dig. ☞808.]

Action by Frederick Ryan against the city of Schenectady. On demurrer to the complaint. Sustained.

Ralph J. & Alvin Ury, of Schenectady, for plaintiff.

Edward D. Cutler, Corp. Counsel, of Schenectady (S. A. Wolongiewicz, of Schenectady, of counsel), for defendant.

WHITMYER, J. The complaint alleges, in substance, that defendant is a municipal corporation, and is, and prior to the times therein stated was, the owner of two vacant lots situate on the westerly side of Brandywine avenue, in the city of Schenectady, N. Y.; that said street was a much-traveled thoroughfare; that it was the duty of defendant as the owner of said lots to maintain the sidewalk in front of same in a safe and fit condition for travel, and to keep the same free and clear from ice and snow, so that pedestrians might travel thereon with safety; that defendant at the times in said complaint set forth, and for a long time prior thereto, negligently permitted ice and snow to accumulate on said sidewalk and to freeze thereon, rendering the same unsafe and dangerous for travel; that plaintiff, while walking along said sidewalk, on February 2, 1914, at 3 p. m., without any fault or negligence on his part, but solely by reason of the negligence of defendant, slipped upon said ice, which defendant had negligently permitted to accumulate and to remain on said sidewalk, as above set forth, and fell with such violence that his right arm was fractured, and that he was otherwise injured, to his damage in the sum of $5,000. The complaint also alleges that plaintiff, on February 17, 1914, in conformity with section 244, art. 16, of the charter of said city, caused a notice in writing of his intention to commence action to be filed with the clerk of said city and with the corporation counsel thereof, which said notice stated the time, place, cause, and nature of the injuries, and the amount of plaintiff's claim, that more than three months have expired since the service and filing thereof, and that said defendant has refused and still refuses to adjust and settle plaintiff's claim.

[1, 2] Defendant has demurred to the complaint, on the ground that the same does not state facts sufficient to constitute a cause of action. It should be observed that the reference in the complaint to the section and article of the charter under which it is claimed that the notice was served is incorrect, and that the provisions as to the notice to be given to the municipality are contained in section 244, art. 16 of the Second Class Cities Law. In the first place, defendant questions the sufficiency of the allegation as to notice, and the absence of an allegation of the presentation of the claim to the common council of the city. The section in question requires a claim in writing, verified by the claimant's oath, containing a statement of place of residence of the claimant by street and number, if any, otherwise such facts as will disclose such place of residence with reasonable certainty, and describing the time when, the particular place where, and the circumstances under which the damages or injuries were sustained, the cause thereof, and, so far as then practicable, the nature and extent thereof, and also requires that the claim be presented to the common council and served upon the mayor or city clerk, and that notice of intention to commence an action thereon be served upon the corporation counsel, all within three months after the happening of the accident. The service of a proper verified statement of the cause of action is a condition precedent to the maintenance thereof. Reining v. City of Buffalo, 102 N. Y. 308, 6 N. E. 792; Curry v. City of Buffalo, 135 N. Y. 366, 32 N. E. 80; Borst v. Town of Sharon, 24 App. Div. 600, 48 N. Y. Supp.

996; Lutes v. Town of Warwick, 149 App. Div. 810, 134 N. Y. Supp. 298. The complaint shows service, not of a verified statement containing the particulars prescribed by the law, but simply of a notice of intention to commence action, and fails to show the presentation of same to the common council. It is insufficient in these respects.

In the second place, defendant claims that the complaint is insufficient because it fails to allege that written notice of the existence of snow or ice upon the sidewalk in question was actually given to the commissioner of public works of the city, and that there was neglect in causing same to be removed after the receipt thereof. The section in question also provides:

"But no such action shall be maintained for damages or injuries to the person sustained solely in consequence of the existence of snow or ice upon any sidewalk, crosswalk or street, unless written notice thereof, relating to the particular place, was actually given to the commissioner of public works, and there was a failure or neglect to cause such snow or ice to be removed, or the place otherwise made reasonably safe, within a reasonable time after the receipt of such notice."

That requirement was an essential part of plaintiff's cause of action, and compliance with same ought to have been alleged and proved. MacMullen v. City of Middletown, 187 N. Y. 40, 79 N. E. 863, 11 L. R. A. (N. S.) 391.

[3, 4] Plaintiff claims that defendant is liable, in any event, as the owner of the lots in front of which he fell. As a lot owner, defendant's obligations are the same as are those of other lot owners. Some of those obligations are set forth in section 92 of the Second Class Cities Law. That section, among other things, provides as follows:

"Sec. 92. Repair of Sidewalks; Removal of Snow and Ice. The commissioner of public works shall have full power and authority to require the owner of property abutting upon a street to repair any sidewalk in front thereof or bring the same to true grade, and to remove the snow and ice therefrom. Where the owner of such property shall fail or neglect to repair any sidewalk, * * * or where the owner of any such premises shall fail or neglect to remove snow and ice from any such sidewalk after the same has remained thereon for more than twelve hours, and the commissioner shall have repaired such sidewalk or brought the same to grade or removed the ice or snow therefrom, a bill for the expenses incurred thereby shall be presented to the owner," etc.

But it is the law that the neglect of a lot owner to remove snow or ice from a sidewalk, as required by an ordinance, does not render him liable to a party injured. Such a requirement in an ordinance is in the nature of a police regulation, and is not sufficient to give a cause of action to an injured party by an act in violation of its terms. Moore v. Gadsden, 93 N. Y. 12; City of Rochester v. Campbell, 123 N. Y. 416, 25 N. E. 937, 10 L. R. A. 393, 20 Am. St. Rep. 760; Connolly v. Bursch, 149 App. Div. 773, 134 N. Y. Supp. 141. If plaintiff's injuries had been caused by defendant's affirmative wrongful acts, it may be that the action could have been maintained against it as a lot owner. Tremblay v. Harmony Mills, 171 N. Y. 598, 64 N. E. 501. The complaint, however, alleges simply that defendant negligently and carelessly suffered and permitted the snow and ice, upon which plaintiff fell, to accumulate and freeze on the sidewalk. That was the allegation in Connolly v. Bursch, supra, where the complaint was dismissed

on the opening. From this it is clear that the action cannot be maintained, upon the complaint as it is, against the defendant as a lot owner.

The demurrer must therefore be sustained, with leave to plaintiff to amend within 20 days, upon payment of costs to defendant.