FRANK H. CADBY et al., Appellants, *v.* CHARLES W. HILL et al., Respondents.

**Landlord and tenant — action by tenant for damages caused by bursting of water pipes due to frost and defendants' failure to furnish adequate heat.**

The plaintiffs, tenants of portions of a three-story building in the city of Utica, owned by defendants and devoted to business purposes, recovered a judgment for damages alleged to have been sustained by them by reason of the bursting of water pipes due to frost and failure on the part of defendants to supply adequate heat in the building, which resulted in the flooding of a stock of goods, furniture, fixtures, etc., the property of plaintiffs. Upon appeal by defendants the Appellate Division reversed the judgment and dismissed the complaint. *Held*, that the issues presented questions of fact proper for consideration by the jury and were presented by the trial justice to the jury in an eminently fair charge; that the order of the Appellate Division is erroneous and the judgment entered thereon should be reversed and the judgment of the trial court reinstated.

*Cadby* v. *Hill*, 188 App. Div. 999, reversed.

(Argued May 11, 1921; decided May 31, 1921.)

APPEAL from a judgment, entered July 29, 1919, upon an order of the Appellate Division of the Supreme Court in the fourth judicial department reversing a judgment in favor of plaintiffs entered upon a verdict and directing a dismissal of the complaint.

*W. F. Dowling* for appellants. Where a landlord undertakes to repair leased premises at the request of the tenant, although under no obligations to do so, he is answerable for injuries resulting in the defective performance of the work. (*Thorne* v. *Deas*, 4 Johns. 84; *Levine* v. *Baldwin*, 87 App. Div. 150; *Zelzer* v. *Cook*, 62 Misc. Rep. 471; *Blumenthal* v. *Prescott*, 70 App. Div. 560; *Judd & Co.* v. *Cushing*, 50 Hun, 181.) The failure of appellants to anticipate respondents' negligence does

not amount to contributory negligence even though they allowed their property to remain in an exposed or hazardous position by such failure. (*Anselment* v. *Daniell,* 4 Misc. Rep. 144; *Fero* v. *B. & S. L. R. R. Co.,* 22 N. Y. 209; *Schoonmaker* v. *McNally,* 6 T. & C. 47; *Paltey* v. *Egan,* 200 N. Y. 83; *Downey* v. *Low,* 22 App. Div. 460; *Hyman* v. *Barrett,* 224 N. Y. 436.)

*L. N. Southworth* for respondents. Plaintiffs failed to prove their freedom from contributory negligence. On the contrary, the evidence of plaintiffs showed them to be guilty of contributory negligence and a nonsuit should have been granted. (*Peres* v. *Sundrowitz,* 180 N. Y. 397; *Peterson* v. *Ballentine & Sons,* 205 N. Y. 29; *Larsen* v. *U. S. Mortgage & Trust Co.,* 104 App. Div. 76; *Lopten* v. *Brooklyn Heights R. R. Co.,* 184 N. Y. 151; *Willes* v. *Harby,* 159 App. Div. 94; *Bradley* v. *Jaeckele,* 65 Misc. Rep. 509; *Buckley* v. *Cunningham,* 103 Ala. 449; *Taylor* v. *Bailey,* 74 Ill. 178; *McKeon* v. *Cutter,* 156 Mass. 296; *Whitehead* v. *Comstock,* 25 R. I. 423.)

HOGAN, J. The plaintiffs, tenants of portions of a three-story building in the city of Utica, owned by defendants and devoted to business purposes, recovered a judgment for damages alleged to have been sustained by them by reason of the bursting of water pipes due to frost and failure on part of defendants to supply adequate heat in the building, which resulted in the flooding of a stock of goods, furniture, fixtures, etc., the property of plaintiffs.

Upon appeal by defendants the Appellate Division reversed the judgment and dismissed the complaint. That court, however, did not hand down an opinion indicating the views entertained by it upon the questions presented in the case or that led to the determination made by it, but simply embodied in its order the following: " Held, that even assuming the defendants were guilty

of some negligence, we are of opinion that the proof established that the plaintiffs were themselves guilty of negligence which contributed to the result."

The conclusion reached by us necessitates a narration of the principal facts and the questions arising therefrom. Upon the street floor of the building of defendants are two stores numbered respectively 234 and 236 Genesee street.   February 1, 1915, by written lease, the plaintiffs rented of defendants store No. 234 and a portion of the basement cellar for a period of five years two months. The defendants covenanted to provide heat for the premises when necessary.  The plaintiffs were to pay water rates for such water as they consumed.  Later the plaintiffs took a lease of the store No. 236 and on or about June 1, 1916, plaintiffs rented two rooms in the rear of the building on the third floor which they utilized in connection with their art store for developing and printing films, pictures, etc.  The entire building was heated by steam from a boiler located under store No. 234.  At the time of the lease of the two rooms the evidence presented by plaintiffs was to the effect that they notified defendants that the use to be made by them of the rooms on the third floor required that they should at all times be heated to at least a temperature of sixty degrees to keep the developer warm, and that defendants assured them that the rooms would be properly heated at all times.   Defendants denied such agreement.

Plaintiffs also desired water installed in the second room and offered evidence that defendants consented that the same should be done and recommended a plumber to do the work and the same was installed by the plumber recommended and was installed by connecting the pipe from the cellar main, and the connection was with the pipe that furnishes water to the boiler in the cellar and also to the closets in the building, so that if the water was shut off in one pipe it shut the water off from the boiler and from the closets.

The defendants denied such evidence of permission to install the pipe, though they subsequently had knowledge of the same, and they also denied that they consented to the installation of tanks in one of the rooms.

On the morning of February 5, 1918, an employee of plaintiffs whose employment was devoted to the rooms on the third floor discovered that the water in the pipes in one of the rooms was frozen; he tried the faucet and found it frozen and no water would come from the same. He then went into the second room and discovered that the water in the tank was frozen about one inch in thickness on top and he could not obtain water in either room on account of the freeze up. He also discovered that the steam pipes in one of the rooms were cracked open, that both rooms were very cold and the floor of one room was covered with ice and water. He then called defendants and notified them that the steam and water systems were frozen, and they immediately sent some plumbers to take care of the same.

Defendants admitted the conversation and that they were aware of the fact that water in a pipe would be frozen before the steam or condensation in a steam pipe would freeze, but denied that they were notified about the water pipe. The plumbers having arrived they took down the steam pipes and continued work during the day but did not complete their work or thaw out the water pipes, and having made certain disconnection of pipes leading to the tanks, left them in that condition when they stopped work for the day. During the night or early in the morning following, the faucet on the water pipe cracked from the frost and the temperature having moderated the water flowed in large quantities through the building into the store occupied by plaintiffs causing the damage complained of.

At about the time of the occurrence the weather in Utica had been very cold. The tenants of the building and employees therein other than the plaintiffs deposed

that the building was cold to such a degree that they complained to defendants of the condition, that they were required to wear extra garments to enable them to keep sufficiently warm to do their work, etc. Defendants denied such complaints. The defendants employed a janitor who had charge of the building, heating system, etc., but did not lodge therein. Many additional facts appear in the record which are unnecessary to treat of here, with the exception of one or two matters hereinafter treated of. We have pointed out a conflict in the evidence upon some questions which so far as material raised questions of fact for the jury. We shall now consider the argument made by counsel for respondents, which we may assume was made at the Appellate Division and made the basis of the decision of that court that plaintiffs were guilty of contributory negligence.

Counsel for respondents in his brief writes: " The real question at issue is the question of negligence on the part of plaintiffs," and then proceeds to base an argument upon the proposition that the water pipes were installed by plaintiffs and were under their control; that a stop-cock was placed in the system by plaintiffs; that plaintiffs were aware that the water pipes were frozen and that with no heat in the room they were liable to burst and they should have turned off the water. Had plaintiffs turned off the water the accident would not have happened. Further that when plaintiffs rented the rooms some panes of glass were out of a window sash in the room and a flue in the chimney was open.

The evidence on the part of plaintiffs was that the water pipe installation was made by a plumber recommended by defendants; that they knew nothing of the details of the work or of the existence of a stopcock in the cellar in which was located the heating plant, coal for the building, etc., and entered by a separate entrance by the janitor who had charge of the same; that prior

[231 N. Y. 323]        Opinion, per HOGAN, J.              [May,

to the flooding they had no knowledge of the existence of the stopcock; that there was a pipe connected with the pipe installed by plaintiffs that leads to the closets and to the boiler in the building. The jury might have credited the evidence offered by plaintiffs. If so, and they had no knowledge of the existence of a stopcock on the water pipe, they could not be chargeable with negligence as a matter of law for a failure to shut off the water. Even assuming that they had knowledge of the presence of a stopcock in the cellar, the water system of the building was not under their control. The defendants employed a janitor who had charge of the building and plaintiffs would not be required to assume the responsibility of turning off a supply of water to the boiler and closets which might result in substantial damage to the building and other tenants. The employees of defendants who were practical men had been employed one day on the piping; they had removed some of the steam pipes and the evidence discloses that they had attempted to thaw out the water pipes. Their work was not finished and the jury might find that plaintiffs had a right to assume that they would not leave the work over night in such condition as to endanger the building or the property of tenants.

As to the broken window glass, the evidence of plaintiffs was to the effect that the entire window was covered with two layers of compo board, five-eighths of an inch thick, all joints covered. As to the flues in the chimney, the evidence of defendants' witness disclosed it to be a five-inch flue and served to ventilate the room, change the air and was not a detriment.

The several issues we have discussed presented questions of fact proper for consideration by the jury and were presented by the trial justice to the jury in an eminently fair charge. We do not deem it necessary to review the cases cited by counsel for respondents, all of which have in connection with other cases received consideration.

We conclude that the order of the Appellate Division is erroneous and the judgment entered thereon should be reversed and the judgment of the trial court reinstated, with costs in this court and the Appellate Division.

HISCOCK, Ch. J., CHASE, CARDOZO, McLAUGHLIN, CRANE and ANDREWS, JJ., concur.

Judgment accordingly.