FRANK C. WOODRUFF and WATSON S. WOODRUFF, Copartners, Doing Business under the Firm Name and Style of S. D. WOODRUFF & SONS, Appellants, v. OLEITE CORPORATION, Respondent.

First Department, January 27, 1922.

Adjoining landowners — action to recover damages caused by water flowing from cellar of defendant's building into plaintiffs' cellar — bursting of pipes in defendant's vacant building caused by freezing not act of God — defendant liable for damages caused.

Damages caused to plaintiffs by water flowing from defendant's cellar into plaintiffs' cellar adjoining cannot be attributed to an act of God, where it appears that defendant's building was unoccupied; that the water in the water pipes supplying said unoccupied building was not turned off; that during a period of extreme and unusual cold weather the pipes in defendant's cellar froze and burst, permitting the water to flow into his cellar and from there into plaintiffs' cellar.

The act of God, which exempts from liability, is something which operates without any aid or interference of man, and when the loss occasioned is the result in any degree of human aid, or interference, or if an act of human negligence contributed to the injury, or, though the injury proceed directly from natural causes, if it might have been avoided by human prudence and foresight, it cannot be considered the act of God; ordinary prudence and foresight would have led a person in possession of a vacant building to shut off the water and drain the pipes.

That the water seeped through the foundation of the plaintiffs' premises does not affect defendant's liability, for the plaintiffs were not required to make their walls waterproof to guard against an unlawful trespass on their premises by an adjoining landowner, or to prevent damage from a negligent act by him which was not reasonably to be apprehended.

APPEAL by the plaintiffs, Frank C. Woodruff and another, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 29th day of December, 1920, upon the verdict of a jury rendered by direction of the court, and also from an order entered in said clerk's office on the 19th day of January, 1921, denying plaintiffs' motion for a new trial made upon the minutes.

*Hunt, Hill & Betts* [*Robert McLeod Jackson* of counsel; *H. Victor Crawford* with him on the brief], for the appellants.

*James D. Williams* [*John Kirkland Clark* of counsel], for the respondent.

PAGE, J.:

The plaintiffs owned and had stored in the cellars of Nos. 182, 184 and 186 Washington street, in the borough of Manhattan, city of New York, 1,500 barrels of potatoes, packed in sacks. The defendant, as tenant, was in possession and control of the premises No. 188 Washington street, which was unoccupied, except that personal property mostly consisting of old iron was stored therein. The water in No. 188 was not turned off. On December 29, 1917, the temperature at its lowest was six degrees below zero; on the thirtieth, thirteen degrees below zero; on the thirty-first, seven degrees below zero; on January 1, 1918, five degrees below zero, and thereafter above zero, excepting January 4, 1918, when the temperature reached three degrees below zero. During this period the pipes in 188 froze and burst and the water seeping through the cellar walls flooded the cellars of Nos. 182, 184 and 186.

The plaintiffs discovered this condition on January 15, 1918, and attempted to pump out the cellars but were unable to gain on the flow of water. On the seventeenth of January the source of the trouble was located, and a plumber, employed by the plaintiffs, with the permission of the police department, broke into No. 188 and turned off the water.

The potatoes had by the time they were salvaged become practically unmerchantable, and they were sold for $700. The market value of the potatoes in the condition in which they were before being submerged in the water was $3,750. The plaintiffs demanded $3,000 damages. At the conclusion of the trial both parties moved for a direction of a verdict. The court directed a verdict for the defendant.

The respondent contends that the damage was caused by a break in the water pipes due to the extremely low temperature, and, therefore, was an act of God for which it was not liable. The act of God, which exempts from liability, is something which operates without any aid or interference of man, and when the loss occasioned is the result in any degree of human aid, or interference, or if an act of human negligence contributed to the injury, or, though the injury proceed directly from natural causes, if it might have been avoided by human prudence and foresight, it cannot be considered the act of God. (*Merritt* v. *Earle,* 29 N. Y. 115, 119; *Michaels* v.

*N. Y. C. R. R. Co.*, 30 id. 564, 572, 573; *Read* v. *Spaulding*, Id. 630.) It is a well-understood physical fact that in this climate water in the pipes in an unheated building will freeze and burst the pipes in the winter season. Ordinary prudence and foresight would have led the person in possession of the building to shut off the water and drain the pipes. Had this been done the extreme and unusual cold would not have caused the damage. Hence the defendant cannot escape liability on the plea that the injury was caused by an act of God.

The defendant was liable upon the principle established by the familiar maxim, *sic utere tuo ut alienum non lædas*, which may be invoked in all cases where one in occupation and control of land allows water to flow from his own premises to that of his neighbors and causes damage. (*Jutte* v. *Hughes*, 67 N. Y. 267, 272; *Mairs* v. *Manhattan Real Estate Assn.*, 89 id. 498, 505.) That the water seeped through the foundation of the plaintiffs' premises makes no difference. They were not required to make their walls waterproof to guard against an unlawful trespass on their premises by a neighbor, or to prevent damage from a negligent act of the neighbor which was not reasonably to be apprehended. The plaintiffs asked only for the direct damage to their property and not for expenses incurred in restoring the premises to a normal condition or in salvaging the potatoes. It was testified that the potatoes were of the value of $3,750; that after they were subjected to the flooding by the waters from defendant's premises and the subsequent freezing in their moist condition they were sold for $700. The plaintiffs demanded judgment for $3,000. Their motion for the direction of a verdict for this sum should have been granted.

The judgment and order should be reversed, with costs to the appellants, and judgment directed for the plaintiffs for $3,000, with interest from January 15, 1918, together with the costs of the action.

CLARKE, P. J., LAUGHLIN, DOWLING and MERRELL, JJ., concur.

Judgment and order reversed, with costs, and judgment ordered for plaintiffs for the sum of $3,000, with interest from January 15, 1918, with costs.