SAMUEL ADLER and Another, Respondents, *v.* HANS P. NELSON, Appellant.

Supreme Court, Appellate Term, First Department, June 15, 1925.

**Negligence — action for damages to merchandise arising from leakage of water from loft above plaintiffs' premises, occupied by defendant — leak caused by bursting of water pipe, fifteen years old and corroded — testimony of plumbing contractor, sworn as expert witness by plaintiffs, that damage was caused by freezing, insufficient — failure of plaintiffs to show freezing was only cause of break precludes recovery.**

In an action for damages to plaintiffs' merchandise arising from the bursting of a water pipe, fifteen years old and badly corroded, in a loft occupied by the defendant, above plaintiffs' premises, the answer of a plumbing contractor, sworn as an expert witness by plaintiffs, to a hypothetical question to the effect that under certain conditions the opening of a window in the premises occupied by the defendant would cause the pipe to freeze and burst by the consequent

thawing, was insufficient to fasten liability upon the defendant, on the theory that the leak resulted from the bursting of the water pipe, by reason of the fact that defendant had permitted the window of a room to remain open at a time when the temperature without was below the freezing point, since said question failed to take into consideration the temperature of the room. Moreover, plaintiffs' failure to show that the open window was the only possible cause of the break, in view of the evidence as to the age and corrosion of the water pipe, precludes their recovery.

APPEAL by defendant from judgment of the Municipal Court, Borough of Manhattan, Fourth District, in favor of plaintiff for the sum of $400 damages, besides costs, after trial before a judge without a jury.

*Abraham H. Sarasohn,* for the appellant.

*Michael Popper,* for the respondents.

LEVY, J.:

This is an action for damages to the merchandise of the plaintiffs caused by leakage of water from the premises of the defendant who occupied the loft above the plaintiffs. The leak in question resulted from the bursting of a water pipe in the ladies' retiring room of defendant's premises.

The pipe which burst was part of the general plumbing system connected with the lavatory tank. The duty of keeping the plumbing in defendant's loft in repair was upon the landlord. The testimony showed that the pipes were twelve to fifteen years old, and that there had been frequent leaks from the pipes under control of the landlord at various other times. The plaintiffs allege that the break in the pipe was due to freezing caused by the fact that the defendant had left the window of the room open on Saturday night and between that time and Monday morning the temperature outside was considerably below the freezing point as a result of which the pipe had frozen, causing the break. The defendant denies that he left the window open. The evidence shows that when the plaintiffs went up to the premises on their arrival on Monday they found a workman repairing the pipe and the window open about four or six inches. The pipe itself was twenty-eight inches from the window. The only evidence introduced by the plaintiffs to prove that the bursting of the pipe was due to freezing was the testimony of their expert, a plumbing and heating contractor who had never seen the premises or the pipe in question, and who answered a hypothetical question that under certain conditions the opening of the window would cause the pipe to freeze and the consequent thawing would cause the pipe to burst. The defendant's expert, a licensed plumber, who examined the premises some time after the damage, testified that the pipe

was fifteen years old; that it was corroded and the leak was caused by the break due to the natural deterioration and weakness of the pipe itself; and he grounded his conclusion upon the opinion that the water in the lavatory tank, which is stationary, and about five inches from the alleged open window, did not freeze. The answer of plaintiff's expert to the hypothetical question is insufficient to establish the fact that the damage was caused by freezing because that question failed to make any mention of the temperature in the room. Under questioning of the court, the witness admitted that if the room were heated, the freezing of the pipe might be prevented. There is nothing in the record, however, to show what the temperature of the room was.

Plaintiffs have, therefore, failed to show that the open window was the only possible cause of the break, in view of the evidence of the age and corrosion of the pipe. The mere possibility or even probability that the defendant's act or omission may have been the proximate cause of the damage complained of is not sufficient to fasten liability upon him.

" The rule is well settled that where there are several possible causes of injury, for one or more of which defendant is not responsible, plaintiff cannot recover without proving that the injury was sustained wholly or in part by a cause for which defendant was responsible." (*Ruback* v. *McCleary, Wallin & Crouse,* 220 N. Y. 188, 195.)

In view of the conclusion reached, it is unnecessary to discuss the questions presented by the record whether the plaintiffs' expert witness was shown to be properly qualified as such, and whether the damages claimed were sufficiently proved.

The judgment appealed from should be reversed and a new trial ordered, with thirty dollars costs to appellant to abide the event.

All concur; present, BIJUR, McGOLDRICK and LEVY, JJ.