KLEIN-MESSNER Co., INC., Respondent, v. THE FAIR WAIST & DRESS Co., INC., Appellant.

First Department, November 4, 1927,

**Sales — action for purchase price — plaintiff's proof showed that plaintiff had assigned claim to third person and notified defendant — defendant was entitled to dismissal — failure to plead assignment does not deprive defendant of benefit of plaintiff's proof.**

The defendant was entitled to a dismissal of the complaint in this action to recover for the purchase price of goods when plaintiff's proof showed that it had assigned the claim to a third person, and that the defendant had been notified to pay the assignee. It was not necessary for the defendant, under the circumstances, to plead the assignment in order to take advantage of the proof of the plaintiff which established that it had no cause of action against the defendant.

APPEAL by the defendant, The Fair Waist & Dress Co., Inc., from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 21st day of October, 1926, upon the verdict of a jury, and also from an order made on the 19th day of October, 1926, and entered in said clerk's office denying defendant's motion for a new trial made upon the minutes.

*Henry C. Burnstine* of counsel [*Emanuel J. Freiberg* with him on the brief; *Burnstine & Geist*, attorneys], for the appellant.

*Arthur Garfield Hays* of counsel [*John Schulman* and *Harry J. Leffert* with him on the brief; *Harry J. Leffert*, attorney], for the respondent.

FINCH, J. The plaintiff having obtained a judgment for goods sold and delivered, the defendant urges upon this appeal that it appears upon the face of certain exhibits introduced by the plaintiff that the right to the purchase price was assigned and payable to a third party, and hence there was no cause of action in the plaintiff.

At the trial the defendant duly moved for judgment dismissing the complaint upon the ground that the plaintiff's proof showed that the plaintiff had assigned its claim to a third party and notified the defendant accordingly, with instructions to make payment to said third party. The plaintiff introduced no evidence to explain this situation but took the position that the matter of the assignment was not available to the defendant, since the latter had not set it up in its answer by way of a separate defense and hence the objection was not available to the defendant. This rule, however, is applicable only to a case where the facts shown by

726 KLEIN-MESSNER CO., INC., *v.* FAIR WAIST & DRESS CO., INC.

First Department, November, 1927. [Vol. 221

the plaintiff, if not controverted, entitle the plaintiff to judgment. The rule obviously has no application to a case where the plaintiff's own proof shows he has transferred the cause of action out of himself to another. The defendant in such case may move for a dismissal upon the ground that the plaintiff has failed to prove a cause of action in himself against the defendant. In other words, the presumption that a claim originating in the plaintiff continues with him, was rebutted by the plaintiff's own evidence, thus putting the plaintiff in a position where in order to maintain the action he must have reacquired the claim. The distinction is pointed out by Mr. Justice MARTIN in the case of *Willey* v. *Cameron, Michel & Co.* (217 App. Div. 651, 653), where he says: " If plaintiff has any claim it is one which originated as his and there is nothing in the complaint to suggest that he has parted with it. It will be presumed from what he alleges that it is still his. Under such circumstances it is the practical course to regard allegations of fact to show he does not continue to be the owner as new matter to be pleaded. This is not a case where plaintiff is suing on a claim such as he must have acquired, if at all, from another."

The plaintiff further contends that the defendant, not having moved within twenty days of the time of service of the pleading, has waived its right to object that the plaintiff is not the real party in interest, since rules 102 and 105 of the Rules of Civil Practice provide that the plaintiff must so move in the case of a defect of parties plaintiff. Even assuming that these rules apply at all, the facts in the case at bar show no ownership, either legal or equitable, in the plaintiff, it appearing that it has assigned all its right thereto to a third party. This state of facts appearing, continues until the plaintiff gives evidence showing it has reacquired the claim and no question of waiver on the part of the defendant is involved. As Judge ANDREWS said for a majority of the Court of Appeals in *Spencer* v. *Standard C. & M. Corp.* (237 N. Y. 479, 480): " In other words, the plaintiff must have some title, legal or equitable, to the thing assigned. (*Hays* v. *Hathorn,* 74 N. Y. 486.) If the assignee have such title it is enough. The consideration paid, the purpose of the assignment, the use to be made of any proceeds collected is immaterial. (*Allen* v. *Brown,* 44 N. Y. 228; *Meeker* v. *Claghorn,* 44 N. Y. 349; *Sheridan* v. *Mayor, etc., of New York,* 68 N. Y. 30; *Brown* v. *Powers,* 53 App. Div. 251.) But legal title or equitable interest he must have."

The plaintiff has thus failed to show that it is the owner of the claim and in a position to maintain an action upon it. Upon a suit against the defendant by the party to whom the plaintiff had assigned the claim, the defendant could not plead lack of

knowledge of the assignment and might be subject to a double liability.

It follows that the judgment appealed from should be reversed and a new trial ordered, with costs to the appellant to abide the event.

DOWLING, P. J., MERRELL, McAVOY and O'MALLEY, JJ., concur.

Judgment reversed and new trial ordered, with costs to the appellant to abide the event.