JOHN F. REARDON, an Infant, by JOHN F. REARDON, His Guardian ad Litem, and JOHN F. REARDON, Individually, Appellants, *v.* CITY OF NEW ROCHELLE, Respondent.

County Court, Westchester County, May 23, 1934.

*William Glickman*, for the appellants.

*Saulsbury & D'Auria*, for the respondent.

BAILEY, J. This is an appeal from a judgment of the City Court of New Rochelle dismissing the complaint because of the failure of plaintiffs to establish a *prima facie* case of negligence against the defendant.

The infant plaintiff was injured when the motorcycle of a traffic officer fell over and struck him.

The evidence adduced by the plaintiffs shows that the traffic officer was assigned to duty at the school crossing near the Jefferson School in the city of New Rochelle; that he reported at his post at eleven-fifteen A. M., where he was to remain until one-fifteen P. M., and direct traffic during school luncheon recess period; that he parked his motorcycle on the west side of Weyman avenue about a foot from the curb and about ten or twelve feet from the intersection of Morgan street and Weyman avenue.

The testimony also shows that in parking his motorcycle he used a device known as a " jiffy stand," which is standard equipment and used generally by police officers when leaving their motorcycles unattended.

While the officer was directing traffic he heard the horn of his motorcycle and immediately thereafter the scream of a child; that he looked and saw the infant plaintiff lying on the edge of the sidewalk with his leg across the curb and with the motorcycle on top of one of his legs.

The appellant contends that the foregoing testimony presented a question of fact for the jury to pass upon and relies on the opinion in *Parnell* v. *Holland Furnace Co.* (234 App. Div. 567; affd., 260 N. Y. 604). In that case an automobile owned by defendant, which had been stripped of most of its parts, had been abandoned in the rear of its place of business where it remained for months; at the time of its abandonment, gasoline had been left in the tank; children in playing about had removed the cap from the gasoline tank, and later the infant plaintiff struck two stones together which caused a spark to enter the exposed gasoline and an explosion occurred, causing a fire from which the plaintiff was severely burned.

The court there held that it was within the limits of reasonable anticipation that some accident might occur as a result of gasoline being left in the tank for a long period of time.

It is my opinion that this case is distinguishable. In the *Parnell* case, gasoline had been left in an automobile which had been

abandoned for months and permitted to remain in a yard in the rear of premises occupied as living quarters; it was well known by the defendant that children were in the habit of playing about the premises, and it was, therefore, reasonable to be anticipated that some accident might occur.

Here, the officer left his motorcycle on a public street; he used the standard equipment provided and generally used for such purpose. This is a practice which is followed daily, not only by police officers, but by other citizens who leave motorcycles and automobiles unattended upon our public thoroughfares. It cannot be held that in itself it was a negligent act.

To constitute actionable negligence, the injuries must be the natural consequence of the alleged negligent act, or one which might reasonably have been anticipated. (*Ehrich* v. *Guaranty Trust Co.*, 194 App. Div. 658; *Knox* v. *Eden Musee Co.*, 148 N. Y. 441.)

It does not appear that the defendant or its agent, the police officer, was negligent, or if in any respect negligent, that such negligence was the proximate natural cause of the injuries to the plaintiff.

The judgment is, therefore, affirmed.