Louis Palladino, as Administrator, etc., of Gerald Palladino, Deceased, Plaintiff, *v.* Onondaga County Savings Bank, Defendant.

Supreme Court, Onondaga County, April 28, 1937.

*Ben Wiles*, for the plaintiff.

*Bailey, Ryan & Agan*, for the defendant.

Cross, J. This is a motion to dismiss the complaint on the ground that it appears on its face that it does not state facts sufficient to constitute a cause of action.

The complaint is for damages arising out of the death of plaintiff's intestate. The plaintiff sued upon a count in negligence and a count in nuisance arising out of negligence. The gravamen of both counts is that the death of plaintiff's intestate resulted from violation of duty owed him by defendant as owner and possessor of abandoned property in the city of Syracuse, N. Y. The complaint sets forth several grounds of liability which may be reduced

to the claim of violated duties by defendant in allowing its abandoned property to be and remain in a dangerous condition attractive to children, and in failing to shut the abandoned property against unlawful entrance as required by an ordinance amending the Building Code of the City of Syracuse. The complaint states that plaintiff's intestate, a child of nine years of age while present on the abandoned property in the company of other children, fell from a ladder connected with a chimney and received injuries resulting in his death.

The complaint is attacked upon the theory that it is dependent for adequacy upon the allegation of breach of duty imposed upon the defendant by said ordinance, the relevant part of which reads: " *Property abandoned for any reason shall be shut against unlawful entrance by any person* and shall be maintained in a clean and sanitary condition and shall not become a fire menace."

The briefs and arguments presented upon the motion involve the question whether violation of an ordinance in any case is sufficient to establish a cause of action where none exists without it. The law is that violation of an ordinance may establish either a *prima facie* or a conclusive cause of action dependent upon the facts and circumstances of the case. (*Martin* v. *Herzog*, 228 N. Y. 164; *Carlock* v. *Westchester Lighting Co.*, 268 id. 345, at p. 349.) In the last cited case, FINCH, J., writing for the court, said (at p. 349): " It is a well-settled rule in this State that where an ordinance for the protection or benefit of individuals prohibits the doing of acts or imposes a specific duty, the neglect to obey the prohibition or to perform the duty is some evidence of negligence to be considered by a jury in an action brought by one for whose protection the statute was enacted to recover for any injuries of the character which it was designed to prevent, proximately produced by such disobedience or neglect. [Citing cases.] * * * *The failure of the defendant to comply with the ordinance might well have been found by the jury to have been a proximate cause of Carlock's death.*"

In this case, which involved the effect of an ordinance, the terms " ordinance " and " statute " are used interchangeably.

By analogy of reasoning, therefore, the type of statute which gives rise to a cause of action for a violation furnishes the rule or standard by which to gauge the efficacy of an ordinance to accomplish a similar result. The decisions indicate that there is a distinction between the class of ordinances which are mere police regulations, the violation of which does not carry liability for damages in a civil action, and the other class of ordinances which does carry such liability and which is enacted for the benefit

of persons comprised within a group, or for the benefit of the public generally, or designed both for the benefit of a group or class and for the benefit of the public generally. The following cases illustrate the class of ordinances which are mere police regulations: *Ryan* v. *City of Schenectady* (91 Misc. 296); *Moore* v. *Gadsden* (93 N. Y. 12); *City of Rochester* v. *Campbell* (123 id. 405, at p. 416); *Connolly* v. *Bursch* (149 App. Div. 772). The doctrine of these cases has no application where the affirmative act of the abutter creates the obstruction. (*Tremblay* v. *Harmony Mills,* 171 N. Y. 598, at p. 602.)

In *Schmidt* v. *Merchants Despatch Transportation Co.* (270 N. Y. 287, at pp. 304, 305) are collated certain cases illustrating various tests by which to determine the rule of liability in damages arising out of violation of a statute. *Stern* v. *Great Island Corporation* (250 App. Div. 115) epitomizes these tests, as follows: " In a suit upon a cause of action thus created by statute in favor of a person within the protected class, the plaintiff's right to recover does not depend upon any negligence of the defendant (*Amberg* v. *Kinley,* 214 N. Y. 531), but rests upon a breach of statutory duty, to the plaintiff's injury. (*Schmidt* v. *Merchants Despatch Trans. Co.,* 270 N. Y. 287.) Where the ordinance or statute undertakes merely to prescribe a safeguard to be observed in the exercise of ordinary care for the general protection of the public, a different rule applies. Non-compliance then is either *prima facie* or conclusive evidence of negligence. (*Martin* v. *Herzog,* 228 N. Y. 164.) ' Where a statutory duty is imposed upon one for the direct benefit or protection of another and the latter is damaged because this duty is not performed a cause of action arises in his favor based upon the statute (*Amberg* v. *Kinley,* 214 N. Y. 531), but no one not included in the class so directly to be benefited may complain because the statute is not complied with. (*Lang* v. *N. Y. Central R. R. Co.* 227 N. Y. 507).. * * * On the other hand, a statute or a city ordinance may be general in its character and may define the degree of care which one shall exercise in his calling or occupation. Failure to use such care is evidence more or less conclusive of negligence as to every one. Again, a particular statute may have both ends in view. (*Kelley* v. *N. Y. State Railways,* 207 N. Y. 342.) When this is so, he who is to be particularly protected has a cause of action because the statute is violated to his injury. Others, one based on negligence.' (*DiCaprio* v. *N. Y. C. R. R. Co.,* 231 N. Y. 94.) "

The ordinance involved here specifies that " property abandoned for any reason shall be shut against *unlawful entrance* by any person." The very language which plaintiff invokes excludes the

intention to afford protection to the public generally. Its protective purpose is limited to persons who would unlawfully enter. The other construction to which plaintiff must resort to succor the complaint is that the intestate is included within the class of unlawful entrants intended to be protected and is, therefore, a person toward whom the defendant owes an additional and different duty than devolved upon it under the common law. Such reasoning is fallacious. It is to say that intestate's unlawful entry as the initial link in the chain of causation, co-operating with defendant's unlawful act in disregarding the command of the ordinance, creates a cause of action where none had existed. Two wrongs do not make one right. That is a truism.

The cases cited by plaintiff (*Travell* v. *Bannerman*, 174 N. Y. 47, and *Parnell* v. *Holland Furnace Co.*, 234 App. Div. 567; affd., 260 N. Y. 604; reargument denied, 261 id. 553), have no application as both related to explosive substances, the one a cannon primer, the other gasoline. In the latter case, SEARS, P. J., writing for the court (at p. 570), referring to the plaintiff, said: " He was rightfully upon the land by the permission of a tenant of the owner. Under such circumstances the law applicable to the relation between an owner of property and a person on the land either as a trespasser upon the owner's property or as a licensee, has no application." (Citing cases.)

In *Reardon* v. *City of New Rochelle* (151 Misc. 812) the *Parnell* case was distinguished. There a police officer parked a motorcycle near a school crossing during the noon luncheon period and while directing traffic a child was injured as a result of becoming tangled with the motorcycle. In affirming a judgment dismissing the complaint the court referred to the rule that " to constitute actionable negligence, the injuries must be the natural consequence of the alleged negligent act, or one which might reasonably have been anticipated. (*Ehrich* v. *Guaranty Trust Co.*, 194 App. Div. 658; *Knox* v. *Eden Musee Co.*, 148 N. Y. 441.) "

The complaint in each count states that the immediate cause of the injuries resulting in death of plaintiff's intestate was a fall from a ladder connected with a chimney on the premises. There is no allegation as to what caused the fall nor that the chimney or the ladder was in a dangerous condition. One may fall from a ladder as a result of many causes for which no person is liable to respond in damages. Under the theory of the complaint and the argument made to sustain it on this motion, the intestate was at most a bare licensee. The complaint is barren of allegation as to the immediate causes and circumstances of the fall. The pleading fails to allege a basis of ultimate facts from which a jury

can find without speculation that the fall resulted from defendant's negligent act or that such fall was a danger which reasonably might have been anticipated. The plaintiff is not entitled to recover on any theory upon the complaint as framed.

Motion granted with leave to plead anew or amend, upon payment of ten dollars costs.

Prepare order accordingly.