Louis Palladino, as Administrator, etc., of Gerald Palladino, Deceased, Appellant, v. Onondaga County Savings Bank, Respondent.— Order affirmed, with ten dollars costs and disbursements. Memorandum: The complaint as drafted does not state a cause of action predicated upon a violation of article

1.4.4, Maintenance E., Abandoned Property, of the ordinances of the City of Syracuse. We need not now determine whether a violation of this ordinance would under other form of pleading be available to the plaintiff. The complaint fails to state a cause of action at common law. It does not disclose what caused decedent to fall from the ladder. Under the allegations of the complaint the decedent was a mere licensee. There is no allegation that the accident occurred through any active negligence or intentional, wanton or willful act on the part of the defendant or by reason of any hidden danger, defect or trap on defendant's premises. New York has not adopted the doctrine of attractive nuisance. (See *Walker* v. *Bachman*, 268 N. Y. 294, 296, 297; *Mendelowitz* v. *Neisner*, 258 id. 181, 184; *Walsh* v. *F. R. R. Co.*, 145 id. 301, 306.) All concur. (The order grants a motion to dismiss the complaint in a negligence action.) Present — Sears, P. J., Crosby, Lewis, Cunningham and Dowling, JJ. [162 Misc. 726.]