HENRY SCHWARTZ, Doing Business Under the Name of H. Schwartz, Respondent, v. MAYGREEN PIECE DYE WORKS, INC., Appellant, Impleaded with Others.

**932**

PER CURIAM. We are inclined to the view that the Appellate Term, New York County, erred in striking out the second and third separate and complete affirmative defenses. The second defense reads as follows: "Upon information and belief, plaintiff has been fully paid and compensated for any damage to the textiles referred to in the complaint."

The third affirmative defense reads: "Upon information and belief, plaintiff is not the real party in interest and has no standing to maintain this action."

Upon their face both these defenses are proper as a matter of pleading. If we consider the affidavits, we must reach the conclusion that there is a question of fact between the parties as to the real purpose of the so-called loan receipt. That undoubtedly will be developed upon the trial.

Consequently the determination of the Appellate Term in so far as it reversed the order of the City Court entered on July 28, 1941, should be reversed and the said order of the City Court affirmed. The determination of the Appellate Term in so far as it affirmed the denial of the motion to join the Dubuque Fire and Marine Insurance Company as a party plaintiff should be affirmed.

Present — Martin, P. J., Townley, Glennon, Cohn and Callahan, J.; Callahan, J., dissents.

Determination of the Appellate Term in so far as it reversed the order of the City Court entered on July 28, 1941, reversed and the said order of the City Court affirmed. Determination of the Appellate Term in so far as it affirmed the denial of the motion to join the Dubuque Fire and Marine Insurance Company as a party plaintiff affirmed.