PAR-X UNIFORM SERVICE CORPORATION, Plaintiff, *v.* EMIGRANT INDUSTRIAL SAVINGS BANK et al., Defendants.

Supreme Court, Trial Term, New York County, May 15, 1944.

*Max J. Gwertzman* for plaintiff.

*John E. McAniff* and *Edwin A. Berkery* for defendants.

SCHREIBER, J.  Plaintiff, tenant on the fourth floor in defendant's building, suffered water damage to its goods from a cracked sprinkler pipe located on the fifth floor which was occupied by another tenant.  The sprinkler system was common to all the tenants and thus generally the duty of proper maintenance devolved on the landlord (*Botwin* v. *Rothkopf Realty Co.,*

*Inc.,* 128 Misc. 15). Plaintiff, not resting on the doctrine *res ipsa loquitur* (cf. *Silver* v. *Dry Dock Savings Institution,* 261 App. Div. 283; *Dittiger* v. *Isal Realty Corp.,* 290 N. Y. 492), offered proof to establish defendants' negligence. Over a week end of extremely low temperatures the landlord failed to supply any heat and this is alleged to have caused the pipe to freeze and burst. It is true that under the lease the landlord had no duty to heat the premises during the time in question, but the duty to maintain the pipe properly by heat or otherwise so as to prevent freezing and bursting would seem entirely distinct. Nor is the case one where liability depends on actual or constructive notice (*Cohen* v. *Cotheal,* 156 App. Div. 784, affd. 215 N. Y. 659; *Queeney* v. *Willi,* 225 N. Y. 374), for it is not contended that a dangerous or defective condition existed but rather that there was a failure to exercise reasonable precautions in the face of anticipatable, normal circumstances amounting to negligence. (*Germain* v. *Flick,* 45 N. Y. S. 2d 693; *Cadby* v. *Hill,* 231 N. Y. 323; *Woodruff* v. *Oleite Corp.,* 199 App. Div. 772; *Bryant* v. *Carr,* 52 Misc. 155.) Nevertheless, in my opinion, the sufficiency of plaintiff's proof is open to serious doubt. No violation of a city ordinance was proved or causal connection therewith established. (*Palladino* v. *Onondaga County Savings Bank,* 162 Misc. 726, affd. 255 App. Div. 929.) There is no testimony in this record as to the temperature indoors over the period in question (*Adler* v. *Nelson,* 125 Misc. 170). The formation of other ice indoors in the plaintiff's premises might have been due to the act of the plaintiff in stuffing ventilators with rags and leaving them otherwise open. There is an issue as to the cause of the break in the pipe and it seems to me that it cannot fairly be found on this record that plaintiff has sufficiently excluded other possible causes for the occurrence except defendants' negligence. (*Ingersoll* v. *Liberty Bank of Buffalo,* 278 N. Y. 1; *Digelormo* v. *Weil,* 260 N. Y. 192; *Adler* v. *Nelson, supra.*)

There is a further difficulty. The loss sustained was covered by insurance. In evidence are the insurance policies, proofs of loss, checks in payment and so-called " Loan Receipts." The policies make no provision for loans. Nothing therein contained constitutes the insured the trustee of an express trust. (*Banca C. I. Trust Co.* v. *Clarkson,* 274 N. Y. 69.) Under the terms of the policies the right of subrogation only is reserved. The proofs of loss and the checks indicate unequivocally that the plaintiff has been paid in full and is no longer interested in this action. The only evidence negating this conclusion are the

loan agreements attached to the checks. It appears therefrom that plaintiff acknowledges the sums received as loans without interest, repayable to the extent of any recovery herein. Such recovery is pledged to the insurers and plaintiff agrees to cooperate to that end and to prosecute the action in its own name at the expense of the insurers and under their absolute control.

On this record, I cannot but find that this is an empty device to avoid the necessity of the insurers suing in their own names as subrogees, and that the plaintiff is not the real party in interest but has assigned its cause of action and may not maintain it. (Civ. Prac. Act, § 210; *Spencer* v. *Standard C. & M. Corp.*, 237 N. Y. 479; *Waite Nursery & Development Co.* v. *Just*, 266 N. Y. 496; *Klein-Messner Co. Inc.* v. *Fair Waist & Dress Co., Inc.*, 221 App. Div. 725.) The vexing subject of the validity and effect of such loan agreements has been often considered by the courts. In *Cocoa Trading Corp.* v. *Bayway Terminal Corp.* (290 N. Y. 697) the Court of Appeals definitely held that, as a matter of pleading, a defense based on a loan agreement that plaintiff was not the real party in interest was sufficient in law. Previously it had been so held in this Department (*Schwartz* v. *Maygreen Piece Dye Works, Inc.*, 265 App. Div. 931; *Pines & Son, Inc.*, v. *150 West 30th Street, Inc.*, 265 App. Div. 989; *Cohen Fabrics Corp.* v. *Emigrant Industrial Savings Bank*, 265 App. Div. 996) and in the Third Department (*Purdy* v. *McGarity*, 262 App. Div. 623). The contrary has been held in the Second Department (*Adler* v. *Bush Terminal Company*, 161 Misc. 509, affd. 250 App. Div. 730; *Balish* v. *Advance Fuel Oil Corp.*, 266 App. Div. 683, *Frank* v. *Frederick Loeser & Co.*, 25 N. Y. S. 2d 918). After the decision in the *Cocoa* case it was held at Special Term in the Second Department on the pleadings that, on the authority of the *Cocoa* case, such a defense was sufficient on its face and final determination of the question whether plaintiff was the real party in interest must await trial of the facts (*Brosseau & Co., Inc.*, v. *Schulsinger*, N. Y. L. J., April 7, 1944, p. 1362, col. 3). In another recent case in the Second Department a motion by defendant for summary judgment on this ground was denied and the matter left for trial of the facts. (*Gorman* v. *Baltimore Drive It Yourself Co.*, 46 N. Y. S. 2d 530.) The same Justice as in the last cited case also recently granted a motion to strike the defense, distinguishing the *Cocoa* case (*Merrimack Mfg. Co.* v. *Lowell Trucking Corp.*, 182 Misc. 947). In the Fourth Department a recent ruling on the pleadings struck the defense as sham. (*Bagley & Sewell Co.* v. *Shell Oil Co.*, 44 N. Y. S. 2d 531.)

It would be idle to attempt to reconcile these authorities or to confine their application to narrower questions of pleading. Throughout, the language of the opinions makes it clear that in the Second and Fourth Departments the tendency is to uphold the validity of the loan agreements both in law and fact and that the other judicial departments are to the contrary. The court has been referred to Appellate Term decisions in this department, wherein after trial the validity of a loan agreement was sustained on the facts and the law (*Lee* v. *423–88th St. Garage Co.*, 49 N. Y. S. 2d 557; *Kassman* v. *Schwartz*, 49 N. Y. S. 2d 556) and to a decision of this court after trial (*Trinity Trucking Corp.* v. *Slesinger*, N. Y. L. J., January 13, 1944, p. 157, col. 6) to the same effect. The evidence in those cases, insofar as I have been able to ascertain, was measurably different from that at bar. Whether or not the plaintiff is the real party in interest in a situation involving loan agreements will depend on the varying facts of each case. In the instant case the facts and the documentary evidence are overwhelming and establish that plaintiff is no longer the real party in interest and has fully assigned the cause to its insurers. If the defense is to have any validity, and if its interposition is not to be an utter futility, then on this record it must be sustained. (*Cocoa Trading Corp.* v. *Bayway Terminal Corp., supra.*)

It follows that the defendant may have judgment dismissing the complaint on the merits. As to the motions on which decision was reserved, the plaintiff's motion for judgment is denied and defendants' motion is granted. Defendants' motion to dismiss at the end of plaintiff's case is denied. Appropriate exceptions are granted. Judgment is to be entered accordingly.