■ DISTRIBUIDORA NACIONAL DE DISCO OF NEW YORK, INC., Appellant, v NORMAN P. RAPPAPORT, Defendant and Third-Party Plaintiff-Respondent. BARROW OIL CORP., Third-Party Defendant-Respondent. — In a negligence action to recover, inter alia, for flood damage to personal property, plaintiff appeals from a judgment of the Supreme Court, Kings County (Pino, J.), entered October 29, 1981, in favor of defendant and third-party defendant upon a trial ruling granting their motions to dismiss the complaint made at the close of the plaintiff's case at a jury trial upon the issue of liability only. Judgment reversed, on the law, motions to dismiss denied, complaint and third-party complaint reinstated and matter remitted to the Supreme Court, Kings County, for a new trial, with costs to abide the event. Plaintiff, Distribuidora Nacional De Disco of New York, Inc., leased a store of the first floor of a building located at 1708 Pitkin Avenue in Brooklyn, which was owned by defendant, Norman P. Rappaport. Plaintiff commenced this action seeking damages for the destruction of merchandise in the store which occurred on three occasions during January, 1977 when water pipes in the building broke and flooded the premises. Plaintiff alleged that defendant's failure to heat the store during periods of December, 1976 and January, 1977 caused the water in the pipes in the walls and ceiling above the store to freeze. When the heat resumed briefly those pipes ruptured, causing the flooding. Giving plaintiff the benefit of every favorable inference which can be drawn from the evidence presented, we hold that plaintiff established a prima facie case sufficient to require the submission of the matter to the jury on its cause of action for negligence (see Brisette v New York City Tr. Auth., 45 AD2d 960, decision amd on other grounds 46 AD2d 686; Calvaruso v Our Lady of Peace R. C. Church, 36 AD2d 755, decision amd on other grounds 36 AD2d 865). To establish a prima

facie case of negligence on the part of the defendant, the plaintiff was required to show that "(1) the defendant owed the plaintiff a cognizable duty of care, (2) the defendant failed to discharge that duty and (3) the plaintiff suffered damage as a proximate result of such failure" (*Donohue v Copaigue Union Free School Dist.,* 64 AD2d 29, 32, affd 47 NY2d 440). In order for a landlord to be held liable for a defective condition upon the premises he must have had actual or constructive notice of the condition for such a period of time that, in the exercise of reasonable care, he should have corrected it (*Putnam v Stout,* 38 NY2d 607, 612). Plaintiff's witnesses testified that for long periods of time during the latter part of December, 1976 and January, 1977 defendant had breached his duty under the lease to provide heat to the store. The president of the plaintiff and the employee who worked in the store during the time in question testified that throughout that period they persistently notified defendant's office about the lack of heat. Climatological data from the National Weather Service established that the outdoor temperature was below freezing for much of the period in question. Plaintiff relied upon circumstantial evidence to establish the third element of a prima facie case of negligence, namely, that defendant's failure to provide heat was a proximate cause of the flooding of the premises. Circumstantial evidence of causation need not negate the existence of remote possibilities that the occurrence was a product of a cause other than defendant's negligence. It is sufficient that the plaintiff present enough evidence to enable a jury to reasonably infer that defendant's negligence was responsible (see *Spett v President Monroe Bldg. & Mfg. Corp.,* 19 NY2d 203; *Sherman v Concourse Realty Corp.,* 47 AD2d 134, 137). Under this standard, the evidence presented by plaintiff was sufficient to permit a jury to reasonably infer, based upon ordinary knowledge and experience, that the lack of heat in a building, when outside temperatures are below freezing, will cause the water in the pipes to freeze and that the pipes can rupture, resulting in flooding when the temperature moderates (see *Cadby v Hill,* 231 NY 323, 326; *Par-X Uniform Serv. Corp. v Emigrant Ind. Sav. Bank,* 268 App Div 699, 702; *Woodruff v Oleite Corp.,* 199 App Div 772, 774). The president of the plaintiff company and an employee both testified that the boiler was repaired and that the heat resumed briefly on the day before the first flooding incident in early January, 1977. Plaintiff was able, however, to present only circumstantial evidence that the pipes in the building had ruptured. The company president and his employee testified that they saw a.plumber on the premises repairing broken pipes above the store after the flooding incidents. Plaintiff's attorney read into the record statements made by defendant during his examination before trial to the effect that he had hired a plumber to fix broken pipes in the walls and ceilings of the apartment above plaintiff's store. Therefore, on the evidence in this case, it was for the jury to determine (1) whether defendant knew or had reason to know that the water in the pipes of his building would freeze if he failed to provide heat during a period of exceptionally cold weather, (2) whether he acted within a reasonable period of time to restore the heat, (3) whether, if he failed to do so, the flooding of the premises was caused by the rupturing of the pipes due to the lack of heat, and (4) whether the damage to plaintiff's property was, thus, a natural and foreseeable consequence of defendant's failure to restore heat to the building within a reasonable period of time (cf. *Sherman v Concourse Realty Corp.,* 47 AD2d 134, *supra*). Furthermore, the Trial Judge erred in refusing to grant a continuance of the case to enable plaintiff to produce, via subpoena, the plumber who had repaired the pipes in the building in question on behalf of defendant. On the morning of the last day of plaintiff's case, the Judge signed a subpoena to produce the plumber, but dismissed the case that afternoon, before

plaintiff's attorney had an opportunity to serve that subpoena upon the plumber. In *Balogh v H.R.B. Caterers* (88 AD2d 136), we held that it was improper for a Trial Judge to refuse to grant a short continuance of a trial to permit the plaintiff in a personal injury case to produce a major eyewitness to the accident. Inasmuch as the plumber was the only eyewitness to the condition of the pipes at the time of the flooding, his testimony would have been significant in presenting the jury with a complete picture of the circumstances surrounding the occurrences. Mangano, J. P., Gibbons, Thompson and Gulotta, JJ., concur.