■ THEODORE RUDNITSKY, Respondent, v MARVIN S. ROBBINS et al., Defendants, and AIN, JONAS, LIBERT & WEINSTEIN, Appellant. [594 NYS2d 354] —In an action to recover damages for legal malpractice and breach of contract, the defendant Ain, Jonas, Libert & Weinstein appeals from so much of an order of the Supreme Court, Kings County (Williams, J.), dated December 6, 1990, as denied its cross motion for summary judgment dismissing the complaint insofar as it is asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

In 1978 the plaintiff orally retained an attorney, Marvin Robbins, to pursue a claim for damages against the City of

New York. Robbins alleges that at the time he was in the employ of the firm of Milton Jonas, a solo practitioner. In 1980 Jonas ceased operation as a solo practitioner and became a partner of a new firm known as Ain, Jonas, Libert & Weinstein later known as Jonas, Libert & Weinstein, the appellant herein. Robbins went to work for the new law firm.

Throughout this time no lawsuit was ever commenced on the plaintiff's behalf. Ultimately the plaintiff retained new counsel, who filed suit for the plaintiff against the City of New York in early 1983. This suit resulted in a jury award to the plaintiff in the sum of $237,000. However, on a motion for judgment notwithstanding the verdict, judgment was awarded to the City on the ground that the plaintiff's lawsuit was barred by the applicable Statute of Limitations.

Thereafter, the plaintiff brought the instant action against Robbins, Milton Jonas and the appellant, to recover damages for legal malpractice and breach of contract. In the course of that action the appellant cross-moved for summary judgment, arguing that there was no attorney-client relationship between it and the plaintiff, and thus the appellant could not be held liable to the plaintiff. The plaintiff countered that Robbins initially held himself out to be a partner of Jonas and later a partner of the appellant. Therefore, the appellant was equally liable for any malpractice that may have occurred. The Supreme Court denied the cross motion, finding that there were triable issues of fact concerning the relationship of Robbins and Jonas to the appellant and whether Robbins was authorized to bind the appellant. We now affirm.

A motion for summary judgment is a drastic remedy which should be granted only when there is no clear triable issue of fact presented. Even the color of a triable issue forecloses the remedy. Moreover, in deciding a summary judgment motion, the evidence must be construed in a light most favorable to the party opposing the motion (see, *Matter of Benincasa v Garrubbo*, 141 AD2d 636, 637). On the record before us, there is a question of fact as to whether Robbins acted for himself alone or on behalf of himself and others. The appellant's conclusory allegations do not establish that the plaintiff's cause of action has no merit so as to entitle it to summary judgment (see, *Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853). Accordingly, the Supreme Court correctly denied summary judgment.

We have considered the appellant's remaining contentions and find them to be without merit. Balletta, J. P., Miller, Ritter and Santucci, JJ., concur.