■ JEAN DORIVAL, Respondent, v WINSTON DEPASS et al., Defendants, and SAVI GANGADEEN et al., Appellants. [901 NYS2d 528]—In an action, inter alia, to recover damages for negligent misrepresentation, the defendants Savi Gangadeen and MTS Funding, Inc., appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Sampson, J.), dated October 26, 2009, as denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

Summary judgment is a drastic remedy that is to be granted only where there is no clear triable issue of fact (*see Andre v Pomeroy*, 35 NY2d 361, 364 [1974]; *Mosheyev v Pilevsky*, 283 AD2d 469 [2001]). "On a motion for summary judgment, the function of the court is not to determine issues of fact or credibility, but merely to determine the existence of such issues" (*Dykeman v Heht*, 52 AD3d 767, 769 [2008]). "Even the color of a triable issue forecloses the remedy" (*Rudnitsky v Robbins*, 191 AD2d 488, 489 [1993]). Additionally, in determining a motion for summary judgment, evidence must be viewed in the light most favorable to the nonmovant (*see Pearson v Dix McBride, LLC*, 63 AD3d 895 [2009]; *Mosheyev v Pilevsky*, 283 AD2d at 469).

Here, the defendants Savi Gangadeen and MTS Funding, Inc. (hereinafter together the defendants), made a prima facie showing of entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against them (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). However, viewing the evidence in the light most favorable to the plaintiff, his submissions in opposition raised a triable issue of fact as to whether the defendants engaged in certain conduct without the plaintiff's authorization which would render them liable to the plaintiff (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Accordingly, the Supreme Court properly denied the defendants' motion. Rivera, J.P., Florio, Miller and Austin, JJ., concur.