OPINION OF THE COURT
Nancy M. Bannon, J.
I. Introduction
In this action, which arises from a nonpayment summary proceeding, the plaintiff tenant seeks, inter alia, unspecified damages and declaratory and injunctive relief against the defendant law firm for its alleged violations of the Fair Debt Collection Practices Act (15 USC § 1692 et seq. [hereinafter FDCPA]) in connection with its representation of the property owner in the housing court proceeding. The defendant moves to dismiss the complaint pursuant to CPLR 3211 (a) (7) arguing that the plaintiff has failed to state a cause of action in that it is not a “debt collector” within the meaning of the FDCPA and that, in any event, it did not violate any of the act’s provisions. The plaintiff, who is self-represented in this action, opposes the motion and cross-moves for partial summary judgment seeking, in effect, a declaration that the defendant violated various sections of the FDCPA, as set forth in his first cause of action, and a judicial referral of the defense counsel to the appropriate disciplinary committee for an alleged failure to pay attorney registration fees. For the reasons set forth below, both motions are denied.
II. Background
The defendant law firm, which focuses its practice on landlord-tenant law, represents Ben Noah, LLC, the owner of a parcel of real property located in Brooklyn, New York, which is *702 leased to the plaintiff. On or about March 3, 2011, the defendant, on behalf of its client, served the plaintiff with a rent demand notice pursuant to RPAPL 711 (2), alleging that the plaintiff owed back rent in the amount of $3,432.83. In a letter dated March 9, 2011, the plaintiff informed the defendant that he disputed the debt and requested “validation” in the form of an accounting pursuant to the FDCPA. (See 15 USC § 1692g [b].)
On March 16, 2011, the defendant commenced a summary proceeding against the plaintiff by filing and serving a notice of petition and petition in the Housing Part of this court pursuant to article 7 of the RPAPL. On or about March 26, 2011, the plaintiff filed the instant action against the defendant, alleging several violations of the FDCPA.
On March 31, 2011, when the plaintiff and defendant appeared in the Housing Part of this court on the related summary proceeding, the defendant hand-delivered to the plaintiff a breakdown of the arrears then due. In his amended complaint, the plaintiff alleges one “cause of action” which lists five different violations of the FDCPA by defendant. Specifically, the plaintiff alleges that the defendant violated the statute by (1) filing a civil action concerning a timely disputed debt, (2) demanding an amount in excess of any expressly authorized collectable amount, (3) failing to properly provide him with notice of the debt, and (4) harassing and threatening him in an effort to collect the debt. In the “wherefore clause” of the amended complaint, the plaintiff additionally seeks actual damages, statutory damages, attorney’s fees, litigation expenses and costs, and an order enjoining what was then a pending action in the Housing Part of this court, until “proper validation” of the alleged debt has been mailed to him.
On its instant motion, the defendant contends that the complaint should be dismissed because the plaintiff fails to state a cause of action. Specifically, the defendant asserts that it is not a “debt collection agency” as that term is defined under the Administrative Code of the City of New York, that it is actually a landlord-tenant law firm and therefore not subject to the guidelines set forth by the FDCPA. In support of the motion, the defendant states the following: “Defendant is retained by landlords throughout the City of New York to commence summary proceedings in the Civil Court of the City of New York under Article 7 of the RPAPL to evict tenants for failure to pay rent or breaches of substantial obligations under their leases.” *703 The defendant further argues that its filing of a civil action on behalf of its client is not “debt collection” as defined by the FDCPA and it is therefore not required to cease ordinary communications with the debtor in relation to the lawsuit. The defendant claims that, in any event, it has fully complied with the FDCPA by providing the plaintiff with verification of the debt by hand delivery in court within 30 days of receipt of the plaintiffs verification notice. The defendant also seeks an award of $5,000 in legal fees pursuant to 15 USC § 1692k (a) (3), arguing that the plaintiff has commenced this action in bad faith.
III. Discussion
A. The Fair Debt Collection Practices Act
The FDCPA, enacted by the United States Congress in 1977, prohibits debt collectors from making false or misleading representations and from engaging in various abusive and unfair practices. (See 15 USC §§ 1692-1692p; Heintz v Jenkins, 514 US 291 [1995].) The act sets forth various rules by which debt collectors must abide in the collection of debts. (Id.) Under the rules, the debt collector must disclose to the debtor that he or she is “attempting to collect a debt and that any information obtained will be used for that purpose.” (See 15 USC § 1692e [11]; Missionary Sisters of the Sacred Heart v Dowling, 182 Misc 2d 1009 [Civ Ct, NY County 1999].) Additionally, within five days of the initial communication the debt collector must provide the debtor with “validation” notice which includes the amount of the debt, the name of the creditor to whom the debt is owed, and a statement that unless the consumer fails to dispute the debt, or a portion thereof, within 30 days, the “debt will be assumed to be valid by the debt collector.” (See 15 USC § 1692g [a] [3].) The initial communication must also include a statement that if the consumer notifies the debt collector in writing within the 30-day period that the debt, or any portion thereof, is disputed, the debt collector must mail verification of the debt to the consumer. (See 15 USC § 1692g; Savino v Computer Credit, Inc., 164 F3d 81 [2d Cir 1998]; Missionary Sisters of the Sacred Heart v Dowling, supra.) If the consumer notifies the debt collector in writing within 30 days that the debt, or a portion thereof, is disputed, or requests the name and address of the original creditor, the debt collector shall cease collection of the debt until the debt collector mails the requested verification to the consumer. (See 15 USC § 1692g [b].)
The statute also prohibits debt collectors from falsely representing to the consumer the amount or legal status of the debt *704 (see 15 USC § 1692e [2] [A]), or collecting any amount not expressly authorized by the agreement creating the debt or permitted by law. (See 15 USC § 1692f [1].) Other violations of the statute include harassment or abuse in the collection of debts, such as threats of violence or using profane language (see 15 USC § 1692d), the making of false representations, such as threatening to take legal action which cannot legally be taken or falsely representing that the consumer has committed a crime or other conduct in order to disgrace the consumer (see 15 USC § 1692e [5], [7]), or using unfair or unconscionable means to collect or attempt to collect the debt. (See 15 USC § 1692f.)
In order to prevail on his claim of a violation of the FDCPA, the plaintiff must prove that (1) he/she is a “consumer” who allegedly owes the debt or a person who has been the object of efforts to collect a consumer debt, (2) the defendant collecting the debt is considered a “debt collector,” and (3) the defendant has engaged in any act or omission in violation of the FDCPA requirements. (See Dona v Midland Credit Mgt., Inc., 2011 WL 941204, *1, 2011 US Dist LEXIS 27136, *3 [ED NY, Feb. 10, 2011], quoting Healy v Jzanus Ltd., 2002 WL 31654571, *2, 2002 US Dist LEXIS 23417, *5-6 [ED NY, Nov. 20, 2002].)
The plaintiff in an FDCPA action bears the burden of proving that the defendant was a debt collector at the time it issued the challenged communication. (See Goldstein v Hutton, Ingram, Yuzek, Gainen, Carroll & Bertolotti, 374 F3d 56 [2d Cir 2004].) The statute sets forth two categories of “debt collector” status— engaging in such activity as the firm’s “principal purpose,” or “regularly” engaging in such activity. (Id.) In Goldstein, the Second Circuit set forth five factors which should be applied on a case-by-case basis to determine what constitutes “regular” debt collection activity. These factors are: (1) the absolute number of debt collection communications issued, and/or collection-related litigation matters pursued, over the relevant period(s); (2) the frequency of such communications and/or litigation activity, including whether any patterns of such activity are discernable; (3) whether the entity has personnel specifically assigned to work on debt collection activity; (4) whether the entity has systems or contractors in place to facilitate such activity; and (5) whether the activity is undertaken in connection with ongoing client relationships with entities that have retained the lawyer or firm to assist in the collection of outstanding consumer debt obligations. (Id.) Additional factors to be considered are the role debt collection practice plays in the *705 practice as a whole, and whether the law firm markets itself as having debt collection expertise. (Id.)
If a debt collector fails to comply with any of its provisions, the FDCPA provides that a debtor may recover actual damages sustained due to noncompliance, additional damages up to $1,000, and the costs of the action, as well as reasonable attorney’s fees. (See 15 USC § 1692k.)
B. Defendant’s Motion to Dismiss
In considering a motion to dismiss for failure to state a cause of action pursuant to CPLR 3211 (a) (7), the court must accept the facts as alleged in the complaint as true, accord plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory. (See CPLR 3211 [a] [7]; Leon v Martinez, 84 NY2d 83 [1994]; Jiminez v Shahid, 83 AD3d 900 [2d Dept 2011].) If the factual allegations set forth in the pleading state any cause of action, a motion for dismissal will fail. (See Guggenheimer v Ginzburg, 43 NY2d 268 [1977]; Kopelowitz & Co., Inc. v Mann, 83 AD3d 793 [2d Dept 2011].)
Applying the foregoing principles to the facts in the instant matter, the court finds that the plaintiff’s amended complaint has established (1) that he is a consumer who allegedly owes a debt and has been the object of debt collection efforts, (2) that the defendant may be considered a debt collector under the statutory scheme, and (3) that the defendant may have engaged in activity which violates the FDCPA. (See Dona v Midland Credit Mgt., Inc., supra.)
In regard to the first required showing, the plaintiff has demonstrated that he is a consumer who allegedly owes a debt and has been the object of collection efforts by establishing that he was served with a rent demand, notice of petition and petition. (Id.)
Secondly, the plaintiff has shown that the defendant may be considered a debt collector under the statutory scheme. The allegations in the amended complaint, coupled with the defendant’s own statement set forth in its motion papers — that it is retained by landlords throughout the City of New York to commence summary proceedings — permit a conclusion that the defendant law firm may “regularly” engage in the collection of debts, subjecting it to “debt collector” status under the FDCPA. (See Goldstein v Hutton, Ingram, Yuzek, Gainen, Carroll & Bertolotti, supra; Dona v Midland Credit Mgt., Inc., supra; Garmus *706 v Borah, Goldstein, Altschuler & Schwartz, P.C., 1999 WL 46682 [SD NY 1999]; Romea v Heiberger & Assoc., 988 F Supp 712 [SD NY 1997], affd 163 F3d 111 [2d Cir 1998].)
Federal and state courts have held that law firms that “regularly” engage in consumer debt-collection litigation, including those firms which regularly commence summary proceedings on behalf of landlords, are subject to the rules promulgated by the FDCPA. (See e.g. Heintz v Jenkins, supra; Romea v Heiberger & Assoc., supra.) In an analogous federal class action case, several New York tenants sued the law firm that had commenced summary proceedings against them for alleged violations of the FDCPA. The Eastern District held that the plaintiff tenants had properly stated a claim against the firm for violations of the FDCPA and denied the law firm’s motion to dismiss. (See Travieso v Gutman, Mintz, Baker & Sonnenfeldt, P.C., 1995 WL 704778, 1995 US Dist LEXIS 17804 [ED NY, Nov. 16, 1995].) The Southern District similarly held that unpaid rent was a “debt” under the FDCPA, and a law firm’s transmission of a rent demand notice constituted “communication” within the scope of the statute. (See Romea v Heiberger & Assoc., supra.)
Contrary to the defendant’s contentions, section 20-489 (a) (5) of the Administrative Code of the City of New York does not exempt it from the FDCPA. While that provision defines “debt collection agency” as not including law firms collecting a debt on behalf of a client, it expressly excludes from that category any firm “who regularly engages in activities traditionally performed by debt collectors.” (See Administrative Code § 20-489 [a] [5].) As stated above, the defendant’s own allegations indicate that it regularly engages in debt collection activities within the meaning of the federal statute.
As to the third required showing, the plaintiff has sufficiently alleged that the defendant may have violated the FDCPA in its attempts to collect the debt at issue by failing to inform the plaintiff in the rent demand that he could dispute a portion of the debt, failing to mail the validation notice to the plaintiff, falsely representing the amount of the debt and attempting to collect an unauthorized amount, and harassing and threatening the plaintiff in connection with the debt. Specifically, the plaintiff asserts that the rent demand, which was the initial communication sent by the defendant, merely informed the plaintiff that he could dispute the debt and failed to state that he could alternatively dispute a portion of the debt. (See 15
*707 USC § 1692g; Baker v G. C. Servs. Corp., 677 F2d 775 [9th Cir 1982].) Additionally, the plaintiff claims that the defendant failed to mail the validation notice to him, in violation of the statute. (See 15 USC § 1692g.)
The plaintiff further alleges that the defendant, through its rent demand, may have falsely represented to him the amount of the debt and attempted to collect an amount not expressly authorized or permitted by law. (See 15 USC § 1692e [2] [A]; § 1692f [1].) Pursuant to a New York State Division of Housing and Community Renewal order issued on January 5, 2011, the plaintiffs rent was restored to $875 per month, from $759.39, retroactive to June 2010. However, the plaintiff filed a timely appeal of the order, which suspends collection of the retroactive portion of the adjusted rent until a final determination is made. (See NY St Div of Hous & Community Renewal Fact Sheet No. 18, Appealing a Rent Administrator’s Order: Petition for Administrative Review.) Accordingly, the legal rent for the month of December 2010 was $759.39, the preadjustment amount. The rent demand served by the defendant reflects that the rent was $807.83 for that month. Therefore, the defendant may have falsely represented the amount of the debt and attempted to collect an unauthorized amount in contravention of the FDCPA. (See 15 USC § 1692e [2] [A]; § 1692f [1].)
Lastly, the plaintiff alleges that the defendant law firm has harassed and threatened him in connection with this debt, in violation of various provisions of the statute which prohibit this behavior. (See 15 USC §§ 1692d, 1692e, 1692f.) According to the plaintiff, when the parties appeared in housing court, counsel for the defendant threatened him by telling him he will be subject to sanctions and attorney’s fees if he does not withdraw the instant action. The plaintiff further alleges these threats have caused him emotional distress.
For the foregoing reasons, the court finds that the plaintiff has sufficiently alleged, for pleading purposes, a cause of action for the defendant’s violations of the FDCPA so as to defeat the instant motion to dismiss. (See Travieso v Gutman, Mintz, Baker & Sonnenfeldt, P.C., supra.)
C. Plaintiffs Motion for Partial Summary Judgment
The plaintiff cross-moves for partial summary judgment, seeking a declaration that the defendant violated several provisions of the FDCPA, as set forth in his “first” cause of action.
It is well settled that the proponent of a summary judgment motion must make a prima facie showing of entitlement to judg *708 ment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact. Once the movant meets this burden, it becomes incumbent upon the party opposing the motion to come forward with proof in admissible form to raise a triable issue of fact. (See Alvarez v Prospect Hosp., 68 NY2d 320 [1986]; Zuckerman v City of New York, 49 NY2d 557 [1980].) When determining a summary judgment motion, the evidence must be viewed in the light most favorable to the nonmovant. (See Dorival v DePass, 74 AD3d 729 [2d Dept 2010]; Pearson v Dix McBride, LLC, 63 AD3d 895 [2d Dept 2009].) Since the granting of summary judgment deprives a litigant of his day in court, it is considered a drastic remedy which should only be employed when there is no doubt as to the absence of triable issues. (See Andre v Pomeroy, 35 NY2d 361 [1974]; Dorival v DePass, supra.) “Even the color of a triable issue forecloses the remedy.” (See Rudnitsky v Robbins, 191 AD2d 488, 489 [2d Dept 1993].) In any event, if the proponent of a summary judgment motion fails to make a prima facie showing of its entitlement to judgment as a matter of law, the motion must be denied. (See Alvarez v Prospect Hosp., supra.)
While the plaintiff has asserted allegations sufficient to defeat the defendant’s motion to dismiss as discussed previously, he has failed to make a prima facie showing of his entitlement to judgment as a matter of law. Before there can be a determination on the defendant’s alleged violations of the FDCPA, it must first be proved whether, in fact, the defendant is a “debt collector” within the meaning of the statute. The plaintiff has failed to submit evidence sufficient to establish as a matter of law that the defendant is a “debt collector” as defined by the statute. Without this required prima facie showing, his motion must be denied. Thus, at trial, the plaintiff will have the burden of proving by a preponderance of the evidence that the defendant “regularly” engages in collection activity within the meaning of the statute. (See Goldstein v Hutton, Ingram, Yuzek, Gainen, Carroll & Bertolotti, supra; Kalra v Kalra, 149 AD2d 409 [2d Dept 1989].) Even if he is successful in that regard, to prevail at trial he must then also prove that the defendant’s collection activity violated the statute. (See 15 USC § 1692 et seq.)
While the court has the authority to search the record and grant summary judgment to a nonmoving party with respect to an issue that was the subject of the motion before the court (see CPLR 3212 [b]; Goldstein v County of Suffolk, 300 AD2d 441 [2d Dept 2002], lv denied 100 NY2d 509 [2003]), the defendant *709 has similarly failed to demonstrate its entitlement to judgment as a matter of law.
D. Plaintiffs Motion for Judicial Referral Plaintiff alleges, for the first time in his motion papers, that an Internet search revealed that counsel for defendant is currently “delinquent” in his attorney registration fees in violation of Judiciary Law § 468-a. To the extent that the plaintiff is requesting this court to refer defendant’s counsel to the appropriate attorney disciplinary authority (see Rules of Chief Administrator of Cts [22 NYCRR] § 100.3 [D] [2]), the court declines to do so.
IV Conclusion
As the plaintiff has sufficiently stated a cause of action for violations of the FDCPA, the defendant’s motion to dismiss the complaint is denied. However, the plaintiffs cross motion for partial summary judgment is also denied as he has failed to make a prima facie showing of his entitlement to judgment as a matter of law. The portion of plaintiffs motion which seeks a judicial referral of defendant’s counsel to the attorney grievance committee is denied.
Therefore, it is ordered that the defendant’s motion to dismiss the complaint is denied; and it is further ordered that the plaintiffs cross motion for partial summary judgment is denied; and it is further ordered that the plaintiffs motion seeking a judicial referral of defendant’s counsel to the grievance committee is denied; and it is further ordered that any relief requested but not specifically granted herein is denied; and it is further ordered that the parties shall appear for trial as previously scheduled.