■ FAIRLANE FINANCIAL CORPORATION, Appellant, v GAIL LONGSPAUGH, Respondent. [41 NYS3d 284]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Leis, J.), dated April 23, 2015, as denied its motion for summary judgment on the cause of action to recover damages for breach of contract.

Ordered that the order is affirmed insofar as appealed from, with costs.

In March 2004, the defendant, a New York resident, entered into a written contract with National Western Life Insurance Company (hereinafter National Western), whereby she was authorized to sell National Western insurance and annuity policies. National Western, headquartered in Texas, is not authorized to do business in New York. Pursuant to the contract, the defendant earned commissions for each policy she sold. However, in the event National Western returned the premiums to the purchasers for any cause, the defendant was required to repay National Western the amount of any commissions she received on the returned premiums. By letters dated April 24, 2009, and April 30, 2009, National Western demanded that the defendant repay commissions she had received on enumerated policies. On May 14, 2009, National Western assigned to the plaintiff its right, title, and interest in any monies that were due or would become due from the defendant under the contract. After the assignment, National Western sent five additional letters to the defendant dated from May 29, 2009, to August 12, 2009, demanding repayment of commissions on additional enumerated policies.

Thereafter, the plaintiff commenced this action, inter alia, to recover damages for breach of contract, alleging that the premiums on the annuity policies sold by the defendant were returned to the purchasers, the policies were cancelled, and the defendant, pursuant to the contract, was required to refund the commissions she received upon the sale of each policy. Upon joinder of issue in March 2011, the defendant served the plaintiff with a request for interrogatories and a notice for discovery and inspection. In January 2014, approximately three years after commencement of the action, and without having responded to the defendant's discovery requests, the plaintiff moved for summary judgment on the cause of action to recover damages for breach of contract. The defendant opposed the mo-

tion and cross-moved pursuant to CPLR 3124 to compel discovery. In an order dated April 23, 2015, the Supreme Court denied the plaintiff's motion and granted the defendant's cross motion. The plaintiff appeals from so much of the order as denied its motion.

A party seeking summary judgment has the burden of tendering evidentiary proof in a form admissible at trial to show the absence of material issues of fact entitling that party to judgment as a matter of law (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Where the moving party establishes a prima facie entitlement to such relief, the burden then shifts to the opposing party to demonstrate by evidentiary facts that genuine issues of fact exist to preclude summary judgment (*see id.* at 324; *Zuckerman v City of New York*, 49 NY2d 557, 562-563 [1980]). "[S]ince summary judgment is the procedural equivalent of a trial, it must be denied if any doubt exists as to a triable issue or where a material issue of fact is arguable" (*see Dykeman v Heht*, 52 AD3d 767, 769 [2008]). " 'Even the color of a triable issue forecloses the remedy' " (*Dorival v DePass*, 74 AD3d 729, 730 [2010], quoting *Rudnitsky v Robbins*, 191 AD2d 488, 489 [1993]).

"The essential elements of a cause of action to recover damages for breach of contract are the existence of a contract, the plaintiff's performance pursuant to the contract, the defendant's breach of its contractual obligations, and damages resulting from the breach" (*Alliance Natl. Ins. Co. v Absolut Facilities Mgt., LLC*, 140 AD3d 810, 810 [2016]; *see Legum v Russo*, 133 AD3d 638 [2015]). Here, the plaintiff established its prima facie entitlement to judgment as a matter of law by demonstrating the existence of a contract between the defendant and National Western, its predecessor-in-interest, National Western's payment of commissions to the defendant pursuant to the contract, and the defendant's breach of her contractual obligations by failing to repay the commissions for policies she had sold which were later cancelled. In opposition, the defendant raised triable issues of fact concerning, inter alia, the plaintiff's standing to seek recovery of the commissions, since National Western continued to send demand letters to the defendant after it had assigned to the plaintiff its rights to collect those monies, thereby raising a question as to the validity of the assignment. In addition, the defendant raised triable issues of fact regarding the procurement and termination of the subject policies and whether the defendant knew or should have known the territories in which she was legally permitted to sell the annuity policies.

The parties' remaining contentions are either without merit or improperly raised for the first time on appeal.

Accordingly, the Supreme Court properly denied the plaintiff's motion for summary judgment on the cause of action to recover damages for breach of contract. Dillon, J.P., Hinds-Radix, Maltese and Barros, JJ., concur.