HSBC Bank USA, Natl. Assn. v Dubose (2019 NY Slip Op 06481)





HSBC Bank USA, Natl. Assn. v Dubose


2019 NY Slip Op 06481


Decided on September 11, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 11, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
COLLEEN D. DUFFY, JJ.


2016-13414
2017-06679
 (Index No. 9830/13)

[*1]HSBC Bank USA, National Association, etc., respondent, 
v
Michael Dubose, et al., appellants, et al., defendant.


Harvey Sorid, Uniondale, NY, for appellants.
Rosicki, Rosicki & Associates P.C. (Hogan Lovells US LLP, New York, NY [David Dunn, Chava Brandriss, and Leah Edmunds], of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Michael Dubose and Kimberly Dubose appeal from (1) an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered October 3, 2016, and (2) an order and judgment of foreclosure and sale (one paper) of the same court entered May 3, 2017. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Michael Dubose and Kimberly Dubose and to appoint a referee to compute the amount due and owing to the plaintiff, and denied those defendants' cross motion, inter alia, for summary judgment dismissing the complaint insofar as asserted against them. The order and judgment of foreclosure and sale, upon the order, granted the plaintiff's motion, inter alia, to confirm a referee's report, and directed the sale of the subject property.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the order and judgment of foreclosure and sale is reversed, on the law, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Michael Dubose and Kimberly Dubose and to appoint a referee to compute the amount due and owing to the plaintiff, and the plaintiff's motion, inter alia, to confirm the referee's report are denied, and the order entered October 3, 2016, is modified accordingly; and it is further,
ORDERED that one bill of costs is awarded to the defendants Michael Dubose and Kimberly Dubose.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the order and judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the order and judgment of foreclosure and sale (see CPLR 5501[a][1]).
In August 2013, the plaintiff commenced this action to foreclose a mortgage, alleging that the defendants Michael Dubose and Kimberly Dubose (hereinafter together the defendants) executed a note in the principal amount of $220,000 secured by a mortgage against their property in Malverne. The plaintiff alleged that the defendants defaulted under the terms of the note by failing to pay the monthly payment due on February 1, 2011, and all payments due thereafter. The defendants served an answer asserting various affirmative defenses, including that the plaintiff lacked standing to commence the action and failed to comply with the notice requirements of the mortgage and the 90-day notice requirement of RPAPL 1304.
The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants and to appoint a referee to compute the amount due and owing to the plaintiff, and the defendants cross-moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them. In an order entered October 3, 2016, the Supreme Court, among other things, granted the aforementioned branches of the plaintiff's motion and denied the defendants' cross motion. Thereafter, in an order and judgment of foreclosure and sale entered May 3, 2017, the court, among other things, granted the plaintiff's motion, inter alia, to confirm a referee's report and directed the sale of the property.
Since " summary judgment is the procedural equivalent of a trial, it must be denied if any doubt exists as to a triable issue or where a material issue of fact is arguable'" (Fairlane Financial Corp. v Longspaugh, 144 AD3d 858, 859, quoting Dykeman v Heht, 52 AD3d 767, 769). " Even the color of a triable issue forecloses the remedy'" (Dorival v DePass, 74 AD3d 729, 730, quoting Rudnitsky v Robbins, 191 AD2d 488, 489).
Where a plaintiff's standing to commence a foreclosure action is placed in issue by the defendant's answer, it is incumbent upon the plaintiff to prove its standing to be entitled to relief (see Deutsche Bank Natl. Trust Co. v Brewton, 142 AD3d 683, 684; Homecoming Fin., LLC v Guldi, 108 AD3d 506, 508). A plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that, when the action was commenced, it was either the holder or assignee of the underlying note (see U.S. Bank, N.A. v Noble, 144 AD3d 786, 787). A "holder" is the person "in possession of a negotiable instrument that is payable either to the bearer or to an identified person that is the person in possession" (UCC 1-201[b][21]; see Deutsche Bank Natl. Trust Co. v Brewton, 142 AD3d at 683). Either a written assignment of the underlying note or the physical delivery of the note to a holder prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident (see Deutsche Bank Natl. Trust Co. v Brewton, 142 AD3d at 684; U.S. Bank, N.A. v Collymore, 68 AD3d 752, 754).
Here, the plaintiff failed to establish, prima facie, its standing because it did not show that it was a holder of the note at the time the action was commenced. The affidavits of Melissa Guillote and Myrna Moore, both vice presidents of loan documentation of the plaintiff's loan servicer, nonparty Wells Fargo Bank, N.A. (hereinafter the loan servicer), that were submitted by the plaintiff in support of its motion, conflict as to whether the plaintiff or the loan servicer possessed the note on the date the action was commenced. Moreover, neither affidavit attaches any admissible document to show that the plaintiff possessed the note endorsed in blank prior to the commencement of this action (see CPLR 4518[a]; U.S. Bank N.A. v 22 S. Madison, LLC, 170 AD3d 772, 774; Great Am. Ins. Co. v Auto Mkt. of Jamaica, N.Y., 133 AD3d 631, 632-633). The affidavits also fail to show that either Guillote or Moore possessed personal knowledge of whether the plaintiff possessed the note prior to commencement of the action. Thus, the plaintiff's own submissions demonstrated the existence of triable issues of fact as to whether the plaintiff possessed the note on the day the action was commenced (see U.S. Bank N.A. v 22 S. Madison, LLC, 170 AD3d at 774).
The plaintiff also failed to establish, prima facie, that it complied with the conditions precedent contained in sections 15 and 22 of the mortgage, which provide that required notice to the defendants is considered given when it is mailed by first class mail or when it is actually delivered to the defendants' notice address if sent by any other means (see Emigrant Bank v Myers, 147 AD3d 1027, 1028; GMAC Mtge., LLC v Bell, 128 AD3d 772, 773).
The plaintiff also failed to show, prima facie, that it strictly complied with RPAPL 1304. Proper service of the RPAPL 1304 notice containing the statutorily mandated content is a condition precedent to the commencement of a foreclosure action (see Wells Fargo Bank, NA v Mandrin, 160 AD3d 1014, 1015-1016). The plaintiff did not submit an affidavit of service or proof of mailing by the post office demonstrating that it properly served the defendants as prescribed by the statute (see Investors Sav. Bank v Salas, 152 AD3d 752, 753-754; Citibank, N.A. v Wood, 150 AD3d 813, 814). Moreover, contrary to the plaintiff's contention, the affidavit of James Green, a vice president of loan documentation of its loan servicer, was insufficient to establish that the notice was sent to the defendants in the manner required by RPAPL 1304. Green did not provide evidence of a standard office mailing procedure and provided no independent evidence of the actual mailing (see U.S. Bank N.A. v Cope, ___ AD3d ___, 2019 NY Slip Op 06111, *2 [2d Dept 2019]; Wells Fargo Bank, NA v Mandrin, 160 AD3d at 1016).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
Accordingly, since the plaintiff failed to meet its prima facie burden, those branches of its motion which were for summary judgment on the complaint insofar as asserted against the defendants and for an order of reference should have been denied without regard to the sufficiency of the defendants' opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853). Moreover, since the defendants failed to establish, prima facie, their entitlement to judgment as a matter of law, denial of the defendants' cross motion, inter alia, for summary judgment dismissing the complaint insofar as asserted against them was appropriate.
CHAMBERS, J.P., ROMAN, COHEN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court