Marino v Jamison (2020 NY Slip Op 07369)





Marino v Jamison


2020 NY Slip Op 07369


Decided on December 9, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 9, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JEFFREY A. COHEN
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2018-14777
 (Index No. 32247/14)

[*1]Angela Marino, et al., appellants, 
v
Beth A. Jamison, defendant, Vilma Vaccaro, et al., respondents.


Mark A. Campbell, Valhalla, NY, for appellants.
Kaufman Borgeest & Ryan LLP, New York, NY (Jacqueline Mandell of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Rockland County (Paul I. Marx, J.), dated November 15, 2018. The order granted the motion of the defendants Vilma Vaccaro and Preferred Homecare Plus, Inc., for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendants Vilma Vaccaro and Preferred Homecare Plus, Inc., for summary judgment dismissing the complaint insofar as asserted against them is denied.
The defendant Beth A. Jamison was a home health aide employed by the defendant Preferred Homecare Plus, Inc., which was owned by the defendant Vilma Vaccaro. On January 5, 2013, Jamison was providing services to the plaintiff Angela Marino (hereinafter the injured plaintiff), and was attempting to transfer the injured plaintiff from her wheelchair to her bed. While executing the transfer, Jamison allegedly pushed her weight against the injured plaintiff's right knee, causing her to sustain a fracture.
The injured plaintiff, and her husband suing derivatively, commenced this personal injury action. After issue was joined, Vaccaro and Preferred Homecare Plus, Inc. (hereinafter together the defendants), moved for summary judgment dismissing the complaint insofar as asserted against them. In an order dated November 15, 2018, the Supreme Court granted the defendants' motion. The plaintiffs appeal.
We disagree with the Supreme Court's determination granting the defendants' motion for summary judgment dismissing the complaint insofar as asserted against them. "A motion for summary judgment is a drastic remedy which should be granted only when there is no clear triable issue of fact presented" (Rudnitsky v Robbins, 191 AD2d 488, 489). "Moreover, in deciding a summary judgment motion, the evidence must be construed in a light most favorable to the party opposing the motion" (id. at 489). "Where causation is disputed, summary judgment is not appropriate unless only one conclusion may be drawn from the established facts" (Speller v Sears, Roebuck & Co., 100 NY2d 38, 44 [internal quotation marks omitted]).
Contrary to the Supreme Court's conclusion, the defendants failed to establish their prima facie entitlement to judgment as a matter of law on the issue of causation (see Hecker v Liebgold, 130 AD3d 572). In support of their motion, the defendants submitted, inter alia, the affidavit of their expert witness who opined, with a reasonable degree of medical certainty, that while the injured plaintiff "did sustain a non-displaced fracture of her right tibial plateau" on January 5, 2013, the injury was "not medically likely to have occurred" in the manner described by the injured plaintiff. During her deposition, the injured plaintiff indicated that she was injured when the home health aide pushed her body hard against the plaintiff's right knee, after she was already seated on the bed. However, the expert indicated that the medical records, upon which he also relied upon forming his opinion, contradicted the injured plaintiff's testimony regarding how the injury occurred, and provided that the injury occurred during a stand-pivot transfer, and not after the injured plaintiff was already seated on the bed. In light of the conflicting claims as to how the injury occurred and its causation, the expert's affidavit and the defendants' additional submissions in support of their motion failed to eliminate all triable issues of fact as to whether the home health aide was negligent as she transferred the injured plaintiff from her wheelchair to her bed, and whether such negligence was a proximate cause of the injury (see Pullman v Silverman, 28 NY3d 1060, 1063).
Accordingly, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint insofar as asserted against them, without regard to the sufficiency of the plaintiffs' opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
CHAMBERS, J.P., COHEN, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court