**S&S Kings Corp. v 2 Saab Constr., Inc.**

2024 NY Slip Op 33445(U)

September 30, 2024

Supreme Court, Kings County

Docket Number: Index No. 521237/2019

Judge: Leon Ruchelsman

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS : CIVIL TERM: COMMERCIAL 8
------------------------------------X
S&S KINGS CORP.,

                          Plaintiff,

        - against -

2 SAAB CONSTRUCTION, INC., and BERKLEY
INSURANCE COMPANY,

                       Defendants,
------------------------------------X
PRESENT: HON. LEON RUCHELSMAN

Decision and order

Index No. 521237/2019

September 30, 2024

Motion Seq. #2 & #3

The defendants have moved pursuant to CPLR §3212 seeking partial summary judgement dismissing the first three causes of action. The plaintiff has cross-moved seeking summary judgement. The motions have been opposed respectively. Papers were submitted by the parties and after reviewing all the arguments this court now makes the following determination.

On April 5, 2018 the defendant 2 Saab Construction was awarded the general contractor for a construction project known as C-48718 Livonia Yard, EPK located in Brooklyn, New York. The defendant secured a payment bond from defendant Berkley Insurance Company and hired the plaintiff as subcontractor for all work related to concrete for a price of $550,000. The defendant terminated the agreement with the plaintiff on November 27, 2018 and paid plaintiff $128,700. In early January 2019 the plaintiff filed a mechanic's lien in the amount of $440,000. This action was commenced by the plaintiff seeking recovery of the amount of the mechanic's lien. The defendants filed cross-claims asserting

[*1]

the lien is exaggerated and that in any event the plaintiff failed to perform pursuant to the terms of the contract. These motions seeking summary judgement have now been filed. The plaintiff asserts it completed the work in a reasonable manner and based upon its work the Metropolitan Transit Authority [hereinafter MTA] paid the defendant. Thus, the plaintiff is entitled to summary judgement. The defendant argues the plaintiff failed to perform its work properly and it wilfully exaggerated the lien and therefore the plaintiff is not entitled to summary judgement and in fact the defendant is entitled to summary judgement.

### Conclusions of Law

Where the material facts at issue in a case are in dispute summary judgment cannot be granted (Zuckerman v. City of New York, 49 NYS2d 557, 427 NYS2d 595 [1980]). Generally, it is for the jury, the trier of fact to determine the legal cause of any injury, however, where only one conclusion may be drawn from the facts then the question of legal cause may be decided by the trial court as a matter of law (Marino v. Jamison, 189 AD3d 1021, 136 NYS3d 324 [2d Dept., 2021).

It is well settled that to succeed upon a claim of breach of contract the plaintiff must establish the existence of a contract, the plaintiff's performance, the defendant's breach and resulting damages (Harris v. Seward Park Housing Corp., 79 AD3d

2

425, 913 NYS2d 161 [1st Dept., 2010]).

In this case, at the time the plaintiff was terminated there is no dispute the work at the project was approximately 65.9% complete. There is further no dispute that at the moment of termination the plaintiff was owed $122,783.60. There is further no dispute that the plaintiff was paid slightly more than that amount. The plaintiff argues the defendant was paid additional funds from the MTA and that somehow neglecting to further pay the plaintiff was improper. However, the plaintiff has failed to provide any evidence at all that it was entitled to any additional funds. The plaintiff argues that the defendant submitted completed work documents to the MTA and was paid for the amounts included within those documents which was greater than the amount paid to plaintiff. The plaintiff concludes that these facts demonstrate the plaintiff has been placed "in the detrimental position of not having been paid for its work" (see, Memorandum in Opposition, page 9 [NYSCEF Doc. No. 106]). However, simply because the defendant was paid certain sums from the MTA does not mean the plaintiff has not been paid for all its work or is in some way entitled to some of those funds. Indeed, it defies common sense, and there is surely no such clause in the contract, that permits the plaintiff to be paid for work it did not perform simply because the defendant received funds from the MTA. Thus, to prevail on the breach of contract claim the

3

[*3]

plaintiff must establish it suffered damages. The plaintiff does argue in passing that it is entitled to fees for "materials, equipment, insurance, overhead, and profit, among other things" (id). However, there is no proof establishing any such damages. Moreover, the plaintiff reiterates that it must be entitled to greater fees because the MTA paid the defendant much more than defendant was entitled. This infusion of funds from the MTA, therefore, argues the plaintiff must accrue to them. Again, the plaintiff has failed to present any evidence at all that it has not been paid for all the work it performed.

Therefore, based on the foregoing, the defendant's motion seeking summary judgement dismissing the first two causes of action is granted.

Turning to the lien cause of action, it is well settled that whether the lien amount contained in a mechanic's lien is exaggerated is generally a question of fact (Executive Towers at Lido LLC v. Metro Construction Services, 303 AD2d 545, 756 NYS2d 461 [2d Dept., 2003]). As the court stated in Aaron v. Great Bay Contracting Inc., 290 AD2d 326, 736 NYS2d 359 [1st Dept., 2002] "the validity of the lien plainly turns on a dispute as to whether respondent has completed the work required by the contract, and, accordingly, must await trial of the foreclosure action" (id). Thus, a determination that a lien was willfully exaggerated cannot always be decided summarily (see, Scarano

4

Architect, PLLC v. 6322 Holding Corp., 35 Misc3d 1228(A), 954 NYS2d 761 [Supreme Court Kings County 2012]). However, summary judgement is appropriate where the evidence of such exaggeration is "conclusive" (see, LMF-RS Contracting Inc., v. Nevzet Kaljic, 126 AD3d 436, 2 NYS3d 351 [1st Dept., 2015], see, also, Casella Construction Corporation v. 322 East 93rd Street LLC, 211 AD3d 458, 181 NYS3d 20 [1st Dept., 2022]). Thus, in Inter Metal Fabricators Inc., v. HRH Construction LLC, 94 AD3d 529, 942 NYS2d 334 [1st Dept., 2012] the court held conclusive proof of a wilful exaggeration of a lien was presented where the evidence demonstrated the costs and expenses were knowingly marked up. Further, the evidence revealed the company's vice president and chief operating officer admitting to the overcharges and testified that he was "entitled to mark it up to whatever number I want," and, "You know what? People do a lot of things" (id).

In this case, the plaintiff has failed to present any evidence at all substantiating the amount of the lien in any way. In opposition, the plaintiff raises the same argument, namely, that they must be entitled to additional fees because the MTA paid the defendant. However, that is not an itemization of the lien in any way and does not establish entitlement to any additional funds. There can be no conclusion other than the fact the lien has been wilfully exaggerated. Thus, the defendant's motion seeking summary judgement dismissing that cause of action

5

[* 5]

is granted.

Turning to the plaintiff's cross-motion, the court has already concluded the defendant did not breach the contract by failing to pay the plaintiff any additional fees. Consequently, the plaintiff's cross-motion seeking summary judgement is denied.

So ordered.

ENTER:

DATED: September 30, 2024
Brooklyn N.Y.

_____
Hon. Leon Ruchelsman
JSC

6