**Zomongo.TV USA Inc. v Capital Advance Servs., LLC**

2024 NY Slip Op 33873(U)

October 29, 2024

Supreme Court, Kings County

Docket Number: Index No. 512735/2021

Judge: Leon Ruchelsman

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS : CIVIL TERM: COMMERCIAL 8
------------------------------------------x
ZOMONGO.TV USA INC. D/B/A ZOMONGO.TV
USA, JOCELYNE LISA HUGHES-OSTROWSKI and
JEREMY GENE OSTROWSKI,

                       Plaintiffs,    Decision and order

       - against -            Index No. 512735/2021

CAPITAL ADVANCE SERVICES, LLC,
                   Defendant,     October 29, 2024
------------------------------------------x
PRESENT: HON. LEON RUCHELSMAN     Motion Seq. #14 & #15

     The plaintiff has moved pursuant to CPLR §3212 seeking partial summary judgement. The defendant has opposed the motion. The defendant has cross-moved seeking to dismiss the complaint for the failure to engage in discovery. The plaintiff opposes that motion. Papers were submitted by the parties and arguments held. After reviewing all the arguments this court now makes the following determination.

     The facts have been adequately recorded in prior orders and need not be repeated here.

<u>Conclusions of Law</u>

     Where the material facts at issue in a case are in dispute summary judgment cannot be granted (<u>Zuckerman v. City of New York</u>, 49 NYS2d 557, 427 NYS2d 595 [1980]). Generally, it is for the jury, the trier of fact to determine the legal cause of any injury, however, where only one conclusion may be drawn from the facts then the question of legal cause may be decided by the

trial court as a matter of law (<u>Marino v. Jamison</u>, 189 AD3d 1021, 136 NYS3d 324 [2d Dept., 2021).

The arguments presented by the plaintiff seek the dismissal of the confession of judgement. However, the amended complaint contains one cause of action, namely breach of contract (<u>see</u>, Amended Complaint [NYSCEF Doc. No. 75]). While the complaint does reference the confession of judgement in its background information, the actual breach of contract cause of action does not concern the confession of judgement at all. The breach of contract cause of action concerning the February agreement is based upon allegations the defendant "(i) failed to make "a good faith approximation of the Specified Percentage" to calculate the Daily Payment, (ii) failed to deliver the amount contractually owed to Plaintiffs, (iii) charged Zomongo unearned undisclosed fees, (iv) overcollected from Zomongo's account in excess of the Daily Payment, (v) continued collection after satisfaction, and (vi) inflated the balance owed for satisfaction" (<u>see</u>, Amended Complaint, ¶167 [NYSCEF Doc. No. 75]). The allegations regarding the April agreement are substantially similar (<u>see</u>, Amended Complaint, ¶171 [NYSCEF Doc. No. 75]). The earlier decision of the court pointing out that if a breach of contract claim would be successful then consequently the confession of judgement would be vacated does not mean the confession of judgement can be examined in a vacuum. In fact the opposite is true, first the

2

[* 2]

breach of contract claim must be litigated and if successful the confession of judgement will necessarily be vacated. The vacatur of the confession of judgement without regard to the underlying breach of contract claims is an attempt to bypass such breach of contract claim. In fact, this court specifically denied a request to amend the complaint to assert a cause of action to assert a declaratory action the confession of judgement should be vacated on the grounds it was duplicative of the breach of contract claim (see, Decision and Order dated December 7, 2022 [NYSCEF Doc. No. 108]).

Thus, considering the breach of contract claim there can be no summary determination at this juncture that the plaintiff breached the merchant agreement in any way. Specifically, there are surely questions, among others, whether the plaintiff breached the agreement by selling its receivables to other funders.

Next, it is well settled that a trial court maintains broad discretion to deny summary judgement and to afford parties the opportunity to engage in discovery (CPLR §3212(f)). Thus, "the court has discretion to deny a motion for summary judgment, or to order a continuance to permit affidavits to be obtained or disclosure to be had, if facts essential to justify opposition to the motion may exist but cannot then be stated. For the court to delay action on the motion, there must be a likelihood of

3

[*3]

discovery leading to such evidence. The mere hope that evidence sufficient to defeat the motion may be uncovered during the discovery process is insufficient" (Spatola v. Gelco Corp., 5 AD3d 469, 773 NYS2d 101 [2d Dept., 2004]).

As noted, the plaintiff's motion seeking summary judgement is based upon one premise, namely there are no questions of fact the defendant breached the merchant agreement. It is true that a motion for summary judgment should not generally be granted before any discovery has taken place (Fazio v. Brandywine Realty Trust, 29 AD3d 939, 815 NYS2d 470, [2d Dept., 2006]). This is especially true where discovery is necessary to ascertain whether the plaintiff can establish the contentions found in the complaint and whether the defendant can establish any valid defenses (See, generally, Manufacturer's and Trader's Trust Company v. Norfolk Bank, 16 Ad3d 467, 791 NYS2d 599 [2d Dept., 2005]). In any event, there is no prohibition to filing a motion for summary judgement before any discovery has taken place in an appropriate case and the opposing party, the defendant in this case, bears the burden demonstrating further discovery is required (Northfield Insurance Company v. Golob, 164 AD3d 682, 82 NYS3d 192 [2d Dept., 2018]).

Thus, upon receipt of the motion the defendant submitted a memorandum in opposition and raised arguments there are contradictions in the affidavits submitted by the plaintiff and

4

[* 4]

that further discovery including depositions is required. Generally, a party should be afforded an opportunity to conduct discovery before a summary judgement determination is made (Salameh v. Yarkovsky, 156 AD3d 659, 64 NYS3d 569 [2d Dept., 2017]). Therefore, "a party opposing summary judgment is entitled to obtain further discovery when it appears that facts supporting the opposing party's position may exist but cannot then be stated" (Brea v. Salvatore, 130 AD3d 956, 13 NYS3d 839 [2d Dept., 2015]). "A party contending that a summary judgment motion is premature must demonstrate that discovery might lead to relevant evidence or that the facts essential to justify opposition to the motion were exclusively within the knowledge and control of the movant" (Rutherford v. Brooklyn Navy Yard Development Corporation, 174 AD3d 932, 105 NYS3d 518 [2d Dept., 2019]).

The defendant is required to present non-speculative and non-conclusory assertions the discovery is necessary. The defendant has met that burden. In this case the defendant has presented an evidentiary basis that it should be entitled to discovery prior to the submission of summary judgement. Thus, discovery must be exchanged.

Therefore, the motion seeking summary judgement is denied as premature without prejudice. The motion seeking to dismiss the complaint is denied. The parties are directed to engage in

5

[* 5]

meaningful discovery including depositions of all parties.  Upon

the conclusion of all discovery any party may then move seeking

summary judgement.

      So ordered.

                  ENTER:

DATED: October 29, 2024
       Brooklyn N.Y.

_____
Hon. Leon Ruchelsman
JSC