## Smashburger Acquisition - NY LLC v Fulton Sq. LLC

2024 NY Slip Op 33875(U)

October 29, 2024

Supreme Court, Kings County

Docket Number: Index No. 523177/2023

Judge: Leon Ruchelsman

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS : CIVIL TERM: COMMERCIAL PART 8
-------------------------------------------x
SMASHBURGER ACQUISITION - NY LLC,

                     Plaintiff,       Decision and order

     - against -               Index No. 523177/2023

FULTON SQUARE LLC,

                   Defendant,     October 29, 2024
-------------------------------------------x
PRESENT: HON. LEON RUCHELSMAN       Motion Seq. #1

       The defendant has moved pursuant to CPLR §3212 seeking summary judgement regarding the counterclaims filed. The plaintiff opposes the motion. Papers were submitted by all parties and after reviewing the arguments of all parties this court now makes the following determination.

       According to the complaint, the parties entered into a lease on March 31, 2022 for space located at 523 Fulton Square in Kings County. The tenant intended to utilize the space as a restaurant and the lease provides for work to be performed by the landlord subject to the tenant's submission of work plans. Indeed, the complaint alleges the tenant submitted certain plans in October 2022, however, the landlord refused to approve the plans arguing a certain type of exhaust system was required which was not included within the plans. The dispute regarding this exhaust system eventually led the plaintiff to terminate the lease. This lawsuit followed and the complaint seeks a declaratory judgement the tenant had the legal right to terminate the lease. Alternatively, the plaintiff alleges a breach of contract. The

[*1]

defendant filed an answer and asserted counterclaims seeking a declaratory judgement it fulfilled its obligations under the lease and for breach of contract. The defendant has now moved seeking summary judgement arguing there are no questions of fact the tenant breached the lease and the landlord did not breach the lease. As noted the motion is opposed.

## Conclusions of Law

Where the material facts at issue in a case are in dispute summary judgment cannot be granted (Zuckerman v. City of New York, 49 NYS2d 557, 427 NYS2d 595 [1980]). Generally, it is for the jury, the trier of fact to determine the legal cause of any injury, however, where only one conclusion may be drawn from the facts then the question of legal cause may be decided by the trial court as a matter of law (Marino v. Jamison, 189 AD3d 1021, 136 NYS3d 324 [2d Dept., 2021).

Pursuant to Article 87 of the lease the landlord was required to perform all work included within a letter than became Exhibit B at to the lease at the landlord's expense. That article states that "landlord shall not be required to perform or cause the performance of any other work in or to the Demised Premises or the Building to ready the Demised Premises for Tenant's occupancy other than Landlord's Work" (see, Standard Form of Store Lease, ¶87 [NYSCEF Doc. No. 18]). Further, Article 53.11

2

[*2]

of the lease, concerning the exhaust system at issue, states that the tenant "shall properly vent and exhaust odors, smoke or fumes, from the Demised Premises, installing if necessary, prior to opening the Demised Premises for business and in compliance with all laws, such system or systems to accomplish the same" (see, Standard Form of Store Lease, ¶53.11 [NYSCEF Doc. No. 18]). The lease does not explain the precise exhaust system that is required to be installed by the tenant. The landlord argues there are no questions of fact the only exhaust system that will satisfy the lease and applicable New York City codes is the system proposed by the landlord which includes a costly precipitator. However, without any discovery at all surely there are questions of fact whether that is the only exhaust system that will satisfy the lease. The mere fact the tenant initially proposed this system and then ultimately rejected it when it proved expensive does not mean the tenant conceded there are no other alternative exhaust systems that are applicable. Moreover, the Department of Buildings did not conclude a precipitator was required. Rather, the Department of Buildings concluded that "it is our understanding that an Emission Control Device (i.e. a precipitator) would mitigate smoke, grease, gases, vapors, and odors from the discharge at a level that would comply with the requirements of section 2022 NYC-MC Section 506.3.12.2" (see, Department of Buildings Construction Code Determination Form,

3

[* 3]

page 1 [NYSCEF Doc. No. 25]). Thus, a precipitator would surely satisfy the exhaust requirements. That does not mean it is the only method available to comply with the relevant rules, regulations and the lease. The parties must engage in discovery to determine if there are any other systems that can satisfy the lease as well as administrative code requirements. Therefore, the motion seeking summary judgement concerning the first counterclaim is denied.

Turning to the issue of the commencement date, the landlord seeks a summary determination there are no questions of fact the commencement date was March 31, 2023. In support of that conclusion the landlord argues that the certificate of occupancy had been in existence since 1992 and that all the work the landlord was required to perform was concluded by that date. The landlord argues it completed all the work it was required to complete which included "installing the slab framing, walls, restaurant entrance doors, and appropriate utility connections; - ensuring that the exterior walls, doors, and roof of the Premises were watertight; - providing Tenant access to the roof so that Tenant could install various equipment; and - installing an exterior grease interceptor and HVAC unit" (see, Memorandum in Reply, page 4 [NYSCEF Doc. No. 44]). However, the lease required the landlord to engage in sixteen enumerated jobs including providing adequate lighting, natural gas service, internet

4

requirements and compliance with all Federal and State ADA requirements. Moreover, a certificate of occupancy from 1992 cannot be sufficient proof that all the work was performed in 2023. Thus, the landlord has failed to eliminate all questions of fact whether the work was substantially completed by the above noted date. Therefore, the motion seeking summary judgement concerning the second counterclaim is denied.

Likewise, the request seeking summary judgement concerning the third counterclaim is likewise denied. There are questions of fact which must be addressed before a determination can be made whether any party breached the lease.

So ordered.

ENTER:

DATED: October 29, 2024
       Brooklyn N.Y.

Hon. Leon Ruchelsman
JSC